# Zundel v. Baldwin.

*Action of Trespass Quare Clausum Fregit.*

1. *Validity of tax deed; insufficient description.*—A tax deed which excepts from the land described "30 acres sold to one person and 30 acres to another," when the excepted portions are neither identified by the deed, nor evidence offered to show what particular acres were excepted, is not operative as a conveyance.

2. *Adverse possession; claim under color of title; question of fact for jury.*—In an action where the rights of the litigant parties are dependent upon their title to certain land involved in the controversy, and each of them claim title under adverse possession, and the evidence is in conflict as to who had the actual, prior and exclusive possession, the question whether either of them had such prior, actual and exclusive possession as would support or defeat an action based upon such possession, is a question of fact to be determined by the jury, under appropriate instructions.

3. *Same; same; when not void by reason of the adverse possession of another.*—In such an action, where the plaintiff claims the land by ad-

[Zundel v. Baldwin.]

verse possession under color of title, the fact that he was exercising
such acts of ownership over the lands as showed that he was claiming
them adversely, at the time a deed was made to defendant
would not render such deed void, entitling plaintiff to recover, if the
defendant was in actual, adverse possession of the land in question at
the time and before plaintiff acquired possession of any part of the
land embraced in his color of title.

4.  *Same; instruction as to possession; trespass.*—In an action of tres-
pass *quare clausum fregit*, when each of the parties claim title under
adverse possession to the land alleged to have been trespassed
upon, and the evidence is in conflict as to the prior, actual, exclusive
possession, it is error to instruct the jury that if defendant was in
possession at the time of the alleged trespass they must find for him ;
such charge ignoring the question as to whether defendant's posses-
sion was rightful.

5.  *Occupancy of part as possession of whole under color of title; ad-
verse possession.*—Where land is claimed under a deed showing color
of title, the actual occupancy of a part by a tenant is the possession
of the whole, in the absence of any adverse possession of the remain-
ing portion.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action of trespass *quare clausum fregit*,
brought by the appellant, Charles F. Zundel, against
the appellee, J. B. Baldwin ; and sought to recover dam-
ages for trespass committed by the defendant on lands
alleged to be the property of the plaintiff.

The trial was had upon issue joined on the general
issue.  The facts of the case tending to show the claim
of each of the litigant parties to the lands alleged to have
been trespassed upon, are sufficiently stated in the opin-
ion, as are also the substance of the three charges re-
quested by the plaintiff, to the refusal to give each of
which the plaintiff separately excepted.

At the request of the defendant the court gave to the
jury the following written charges, and to the giving of
each the plaintiff separately excepted :  (4.)  "If the jury
are reasonably satisfied from the evidence that, at the
time the trees were cut, Mr. Baldwin, the defendant,
was in possession of the land from which they were cut,
they must render a verdict for defendant."  (5.)  "If
the evidence reasonably satisfies the jury that Manuel
Nettles went into possession of a house on section 32 and
built a fence around it, inclosing nine acres, claiming to
hold for himself or Zundel only to the boundary lines of

[Zundel v. Baldwin.] ·

his fence, and this fence did not extend to the land from which the trees were cut, the constructive possession of Zundel, through Nettles, did not extend to the land in question.''

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the charges asked.

CHARLES L. BROMBERG, Jr., for appellant.—1. The tax deed and acknowledgment were in the form prescribed by law at the time of its execution.—Code of 1876, § 459. And under the facts in this case, showed a legal title in appellant to the land described in the complaint.—Code of 1876, §§ 460, 464; Code of 1886, §§ 593, 606; *Bolling v. Smith*, 79 Ala. 539; *Lassitter v. Lee*, 68 Ala. 287; *Pugh v. Youngblood*, 69 Ala. 296.

2. Appellant's possession by tenant and otherwise under the deeds to him gave him such possession of the land named in the complaint as entitles him to recover under the first count, unless the appellee showed that at the time of the cutting of the trees and ploughing up the land, and ever since said time, up to the time of the commencement of the suit in the justice court, he, appellee, was in adverse possession of the lands on which such cutting and ploughing was done.—Cooley on Torts, 332; *Segar v. Kirkley*, 23 Ala. 680; *McCall v. Capehart*, 20 Ala. 524; *Langdon v. Templeton*, 28 Atl. Rep. 866; *Black v. Tenn. C., I. & R. R. Co.*, 93 Ala. 111; *Murray v. Hoyle*, 97 Ala. 591.

3. In order to prove adverse possession, the appellee must have shown that he had actual, open, exclusive and adverse possession. ·Possession not amounting to a disseizin is not sufficient to bar recovery.—1 Amer. & Eng. Encyc. of Law, 795; Tiedeman on Real Prop., § 694; *Ward v. Cochran*, 150 U. S. 606; *Shipman v. Baxter*, 21 Ala. 457-58; Cooley on Torts, 322; *Segar v. Kirkley*, 23 Ala. 680; *McCall v. Capehart*, 20 Ala. 524; *Langdon v. Templeton*, 28 Atl. Rep. 866.

· 5. The owner of a body of land described in a deed having a tenant on a part of such land has the possession of all such land, except so much as may be in actual possession of an adverse holder.—*Carter v. Chevalier*, 108 Ala. 563; *Hunnicutt v. Peyton*, 102 U. S. 368; *Labory v. Orphan Asylum*, 32 Pac. Rep. 231.

SAMUEL B. BROWNE and JOHN E. MITCHELL, *contra*.—1. Plaintiff in trespass to land can not recover unless he shows either an actual, exclusive possession, or title thereto, with the fact that defendant was not in actual, exclusive possession.—*Fitch v. R. R. Co.*, 10 Law. Rep. An. 188.

2. If the defendant was in possession at the time the trees were cut, he is entitled to a verdict.—*Cooper v. Watson*, 73 Ala. 252 ; *Beatty v. Brown*, 76 Ala. 269. If a tenant is in possession the landlord can not maintain trespass.—*Garrett v. Sewell*, 108 Ala. 521.

HEAD, J.—This is an action of trespass *quare clausum fregit*, the *locus in quo* laid in the complaint, being the south half of the northwest quarter of section 33, township 6, range two east, in Baldwin county. The plaintiff proved that the defendant, in July or August, 1895, plowed and fenced about two acres of the land described in the complaint, and cut one pine tree thereon, and 17 pine trees on the outside of the fence, each tree being worth about twenty-five cents. He also introduced a warranty deed executed to himself on the 6th day of November, 1876, by James B. Malone and others, in form, conveying the land in controversy and 520 acres of adjoining land in section 32, and 80 other acres in section 33 located one-fourth of a mile from the *locus in quo ;* describing the land by sectional subdivisions and concluding the description by the following qualifying words : "excepting three acres deeded to Mary Gyon, and three acres deeded to Thomas Collins by J. L. King as per said King and others deeded to us dated June 21st, 1869." The deed was acknowledged and recorded in the proper county, on April 30, 1877. It does not appear what title to, or connection with, the land these grantors had, if any ; hence the deed is insufficient as evidence of title in the plaintiff, and can only be regarded, at most, as color of title, in connection with any proven possession by him under it. He also introduced a tax deed to himself to these same and other lands, in the form, and executed and acknowledged, in substantial conformity to the statute, on December 8, 1883, in pursuance of a sale for the taxes for the years 1875 and 1876, made on the 4th day of June, 1877, which deed was recorded in the proper county on December 8, 1883.

The description of the lands in this deed is also followed by qualifying words, as follows: "excepting 30 acres sold to Mary Gyon and 30 acres sold to Tom Collins by J. L. King." There was no evidence to show what particular three acres or thirty acress had been sold to Gyon or Collins. The testimony touching plaintiff's possession of the land tended to show that about fourteen years before the trial he gave one Hecht permission to build a house on an adjoining quarter in section 32, embraced in his said deeds; that Hecht did not remain there long and then Manuel Nettles went in the house as plaintiff's tenant, agreeing at the time to pay rent by cutting two cords of wood per month; that he did pay such rent for about a year, at first, and since that had not paid any. Plaintiff had not bothered him, and allowed him to remain there. He continued to live in the house up to the time of the trial, and in 1890 offered to purchase the place he was living on from plaintiff. His possession included also about nine acres enclosed around his house. One Allen Bonner testified for plaintiff, that Nettles had lived there fourteen or fifteen years; that Hecht built the house and Nettles finished it; that he, witness, had been cutting wood and piles for plaintiff on plaintiff's lands in sections 32 and 33, and on the lands that plaintiff and defendant are "lawing about," for fifteen or sixteen years. On cross-examination, however, he testified that they were "lawing about section 33, but he doesn't know what part of said section." Plaintiff gave evidence tending to show that he had been claiming the lands mentioned in said deeds ever since the deeds were made, and paying taxes thereon ever since 1877; that he had been cutting timber on all the lands described in the deeds, in sections 32 and 33, that he knew defendant was trespassing on the land and forbade him to do so, but he persisted. Plaintiff's evidence tended to show that the said land occupied by Hecht and Nettles was a part of the land conveyed by his said deeds and that he claimed the same under said deeds. The foregoing is the substance of plaintiff's case.

The defendant introduced a quit-claim deed executed to one Joseph Nelson by Benjamin Grist on August 26, 1880, to said entire section 33, acknowledged same day, but not recorded until October 28, 1895. He also intro-

[Zundel v. Baldwin.]

duced a quit-claim deed to said section (except the northwest quarter of the southeast quarter), from said Joseph Nelson and wife to himself, executed June 10, 1881, acknowledged September 3, 1881, and recorded December 4, 1891. There was no evidence to show what title to, or connection with, the land the said Grist had, if any ; so these deeds can be regarded as no other than color of title. He introduced evidence tending to show that he had been claiming section 33 (except 40 acres he sold to Mrs. Hall and Mr. Nelson and 40 acres he sold to Mrs. Hall), and paid taxes on it for sixteen years before the trial ; hauled wood on, and sold wood and timber on it for sixteen years continuously ; cut and hauled on every inch of it except the two 40-acre pieces sold ; lived about four miles from the land ; was cutting on some part of the land nearly every day in the year for ten or twelve years, but sometimes a week or so, and sometimes longer would elapse when he did not so cut on it ; two years before trial he notified plaintiff not to cut on this land. He introduced a number of witnesses who testified that they never heard of plaintiff claiming this land until about two years before. One testified that people around there generally understood the land belonged to the defendant.

The suit was instituted in a justice court, August 15, 1895, and carried by appeal to the circuit court, where it was tried November 6, 1895, resulting in a verdict and judgment for the defendant, from which the appeal is prosecuted.

The plaintiff prayed the following instructions :

1. The general affirmative charge.

2. That the plaintiff in this case has a good title at law to the 80 acres described in the complaint.

3. That if plaintiff was claiming the lands described in the complaint under a deed, and was exercising acts of ownership over said land, and that such acts were such as to show that he was claiming said lands adversely at the time the deed to the defendant was made, they must find for the plaintiff.

Each of these charges was refused, and the plaintiff duly excepted.

It is observed, first, that the plaintiff contends that the tax deed conferred upon him the title to the 80 acres in question. If it be conceded that this deed, aside from

[Zundel v. Baldwin.]

the description of.the lands it intended to convey, was so executed in pursuance of the revenue law, as to be evidence of a legal conveyance of the title, without proof of other facts in support of it, yet there is such infirmity in the description, that it can not, under the evidence adduced, be adjudged by the court an operative conveyance. The 30 acres sold to Mary Gyon and the 30 acres sold to Tom Collins are neither. identified by the deed, nor by any evidence adduced in aid of it, except that there was evidence from which it might be inferred by the jury that certain parts of the land were not included in the exceptions. That inference was for the jury to draw and not the court. The deed furnishes the means of identification, but the plaintiff omitted to use them in a way to enable the court to declare the deed sufficient. The first and second charges were properly refused.

We are next to inquire, under the third charge, whether there was evidence to authorize the jury to find that the plaintiff was claiming the two acres really in controversy, under a deed, and was exercising acts of ownership over the same, and that such acts were such as to show that he was claiming the same adversely, at the time the deed to the defendant was made; whether, if the facts hypothesized be true, they alone entitled the plaintiff to recover in this action.

We have seen there was evidence tending to show that Hecht and Nettles, under and for the plaintiff, occupied a part of the land in section 32 described in plaintiff's deed, and not excepted therefrom, for fourteen or fifteen years before the trial, and that plaintiff claimed the land, so occupied, under said deeds. Bonner's testimony tended to show that he had been cutting wood and piles for plaintiff on the land plaintiff and defendant are "lawing about" for fifteen or sixteen years. It is true he stated on cross-examination that they were "lawing about" section 33, but he did not know what part of said section, but this does not necessarily imply that he did not know the particular land in litigation. He may have known the land without knowing the particular part of the section it formed. The inconsistency, if any, in his testimony was for the jury to solve. From this evidence, the jury might have inferred, in connection with the plaintiff's testimony, that the land alleged to

have been trespassed upon, was a part of the land not excepted from the plaintiff's deeds, and was claimed by him and under those muniments. If these were facts, the plaintiff was in possession of the land occupied by Hecht and Nettles, throughout the period of their occupancies, under color of title which extended his possession to the land in controversy, unless at the time the occupation commenced, the land in controversy was in the actual adverse possession of another. If at that time, the defendant was in possession of that part of the land now in question, claiming it adversely, the color of title did not operate to extend the possession of the plaintiff to it, and if such possession of the defendant continued down to the commission of the acts alleged as trespasses, the plaintiff, resting his case upon the possession of Hecht and Nettles, and claiming under his color of title, could not recover in this action. The evidence, as we find it, is such that it was for the jury to determine whether or not the defendant was in actual adverse possession of the land in question at and before the plaintiff acquired possession of any part of the land embraced in his color of title, which continued, without abandonment, to the time of the alleged trespasses. If these facts be found in favor of the defendant, then the fact that the plaintiff was exercising such acts of ownership over the lands as showed that he was claiming them adversely, *at the time the deed to the defendant was made* (as hypothesized in the third charge), would not entitle him to recover. The deed to defendant was made about fourteen years before the trial. Evidence for defendant tended to show that he had been in possession sixteen years. There was evidence for the plaintiff, it is true, tending to show acts of ownership over the land in question by him, for sixteen years, but the questions whether either of the parties had such open and exclusive possession as would support or defeat an action based upon possession, and, if yea, which of them ; and if both have shown possession, which party wrongfully invaded that of the other, were for the jury to determine, under proper instructions. All that the third charge required, in order to a recovery by the plaintiff, was that the plaintiff was claiming the land described in the complaint, under a deed, and was exercising such acts of ownership over it as showed that he was claiming it adversely, at

the time the deed to the defendant was made—ignoring other material issues of fact, as above indicated. The charge was properly refused.

Charge number 4 given for defendant was bad, and ought to have been refused. The defendant's possession, at the time the trees were cut, if he had such, may have been a wrongful invasion of a prior actual, exclusive possession in the plaintiff. If it was, the plaintiff was entitled to a verdict, and not the defendant.

Charge number 5 given for defendant was also bad. If the land occupied by Nettles and also that in controversy, were parts of the land described in, and not excepted from, the plaintiff's deeds (which, as we have said, the jury might legally infer they were), and plaintiff claimed such lands under his deeds, and put Nettles in possession of the part occupied by him, who held under and for plaintiff, and there was, at the time, no adverse possession of the land in question in any other person, then plaintiff's possession, through Nettles, extended to the land in question, although the possession and claim of Nettles, as tenant, extended only to the land rented and occupied by him. It was not essential, as the charge supposes, that the tenancy of Nettles should have included the land in controversy, or any part of it.

For the errors in giving these two charges, the judgment is reversed and the cause remanded.

Reversed and remanded.