# Williams v. Lyon.

### Trespass to Realty.

(Decided February 13, 1913. 61 South. 299.)

1. *Pleading; Complaint; Demurrer.*—While a plaintiff cannot frame his declaration so as to leave the character of his action uncertain, yet a complaint which states a cause of action is not subject to general grounds of demurrer if it states a cause of action.

2. *Trespass; Ownership.*—Ownership of land imputes possession so as to support an action of trespass against a mere trespasser.

3. *Same; Defenses; Adverse Possession.*—The owner of land cannot maintain an action for damages for the cutting of timber by one holding possession under an adverse claim.

4. *Adverse Possession; Evidence.*—Evidence of mere occasional trespass upon wild, unoccupied land for the purpose of removing timber is not sufficient to show adverse possession.

5. *Property; Timber; Ownership.*—The owner of land is presumed to be the owner of the timber situated thereon.

6. *Evidence; Best and Secondary.*—Where title was sought to be deraigned through an execution sale, and the execution could not be found in the files, the execution docket of the court showing an execution on the judgment against the land in question, its advertisement, sale and deed, was admissible.

7. *Same; Documentary Evidence; Judicial Record.*—Under sections 3986 and 3995, Code 1907, the execution docket of the court was admissible to show an execution and the subsequent proceedings thereon, where the execution could not be found.

8. *Same; Notoriety of Possession.*—While the notoriety of possession may be shown by hearsay testimony, adverse possession itself cannot be shown.

9. *Appeal and Error; Harmless Error; Evidence.*—Where there was no evidence of the intention of defendant to hold adversely the land from which he was charged to have cut timber, the exclusion of evidence showing color of title in defendant was harmles, if erroneous.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Emily C. Lyon against Homer K. Williams in trespass and as a penalty for cutting trees. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is as follows: "Plaintiff claims of defendant $500 damages for that the defendant did heretofore, without the consent of the plaintiff, on, to wit, July 1, 1910, cut down and carry away 97 pine trees from the south half of southeast quarter, section 13, township 7, range 3 west, and did also remove from said land 12 pine logs which were already down, which lands were the property of the plaintff, to the damage of the plaintiff, as above stated." The second count was exactly like the first, except that it alleges that the lands were in the possession of the plaintiff. The third count is like the first, except that there is no allegation as to the ownership of the land, or the possession thereof, but it is alleged that the trees and logs were the property of the plaintiff. The verdict was for $16 damages; and, on motion of plaintiff, the court filed the certificate as provided by section 3663 of the Code, to which action the defendant excepted.

It was admitted that both sides claim from a common source, one Garland M. Dees, and that the title to the land was vested in said Dees. It was admitted that certain books were the minutes of the court; and the plaintiff offered in evidence the record from minute book 25, p. 285, of the circuit court, a judgment rendered on January 17, 1882, in favor of Wollner & Co., against Garland M. Dees for $486.32. Conrad, a witness for the plaintiff, testified that he was deputy clerk of the circuit court and had made diligent search in the records of the court and among the papers for the execution which was issued on said judgment, and had not been able to find it, where-

upon the plaintiff offered a book shown to be the execution docket of the circuit court of Mobile county, at page 171, showing execution on the judgment previously offerred, a levy on certain real estate, including the land in question, an advertisement of the same for sale, the sale thereof to William Otis, who was the highest, best, and last bidder, and the execution of a deed to said Otis.

R. PERCY ROACH, for appellant. No brief reached the Reporter.

ERVIN & MCALEER, for appellee. The general rule is that the owner of a freehold may recover for an injury which permanently depreciates his property, while a tenant, or one with a possessory right may recover for an injury of the use and enjoyment of that right.—Sedgwick on Dam., sec. 69; 31 Am. Dec. 64; 79 Am. Dec. 779. The measure of damages must be for the thing thus destroyed, and this applies to grass, crops, trees, etc.—A. B. & A. v. Brown, 48 South. 73; Grisham v. Taylor, 51 Ala. 505. The execution under which a sale was made could not be found in the files, the former custodians were all dead, and of course, the execution docket was admissible to show the facts which could have been shown by the execution.—Baucum v. Jenkins, et al., 65 Ala. 266. This was ncessary to support the sale of the sheriff.—Lewis v. Georgnette, 3 S. & P. 184; Greenl. sec. 509. The proof shows the land to have been wild, unenclosed land, and fails to show any actual possession of any one through whom defendant claims till defendant cut the tree, and the deed from Dees to Bosarge was void as to plaintiff, and hence, was not admissible as color of title. The legal title being in plaintiff the possession of the timber was in her.—So. Ry. v. Hill, 154 Ala. 226. No possession is shown so as to give notice of the unrecord-

ed deed to Bosarge, this burden was on defendant, and was not borne.—*Wells v. Mtg. Co.,* 109 Ala. 446; *Christopher v. Curtis,* 57 South. 839; *Hill v. Griffin,* 119 Ala. 216; *T. C. I. & R. R. Co. v. Gardner,* 113 Ala. 601. The evidence for defendant did not make out a prima facie case of adverse possession, and the court properly instructed for plaintiff.—*Brannan v. Henry,* 57 South. 568.

MAYFIELD, J.—Each count of the complaint is a kind of hybrid. Some of the allegations are appropriate to counts to recover the statutory penalty for cutting down or destroying trees; other allegations appear as if the count was for common-law trespass to land; and still others would indicate that it was trespass in taking chattels. Neither of the counts follow strictly any of the forms given in the Code; but each contains some allegations appropriate to several of the Code forms. There was, however, no special ground of demurrer taking this point, the demurrers merely pointing out defects which would render the count bad as to one form given in the Code.

A defendant has no right to require a plaintiff to declare in any particular form of action; but he has the right to be informed as upon which particular form of action the plaintiff intends to proceed. A plaintiff has no right to so frame or form his counts as to leave it doubtful or uncertain what cause or kind of action he intends to charge against the defendant; but, if a count states a good cause of action, it is not subject to demurrer because it does not state a definite cause of action, but it may be for uncertainty or indefiniteness as to the particular action it states.

Neither count of the complaint alleges in terms that the defendant had trespassed upon the lands of the

plaintiff, nor that he had wrongfully cut or carried away timber or trees of the plaintiff; but it is alleged that the trees and logs in question were cut and carried away from the lands of the plaintiff by the defendant, and without her consent.

It is also true that the complaint does not allege, in terms, that the plaintiff was in the possession of the lands in question; but it is alleged that she was the owner, which imputes constructive possession, nothing else appearing, and such possession is sufficient to support trespass against a mere trespasser.

Some of the counts fail to allege that the plaintiff was the owner of the timber cut and carried away, but these do allege that she was the owner of the land, and, nothing else appearing, she will be presumed to have been the owner of the trees growing thereon and of the timber lying thereon. We are not willing to say that the trial court erred in overruling the defendant's demurrer to any count, but remark, in passing, that it is a much safer practice to follow the simple forms prescribed in the Code for such actions.

We do not think that the court erred in admitting in evidence the entries in the execution docket of the circuit court. It was shown that the orginal execution could not be found after diligent search in the proper place. These entries were therefore certainly the next best proof of the execution under which the lands in question were sold.

In the case of *Baucum v. George,* 65 Ala. 266, it was said by this court: "To support the sale of the sheriff, it was necessary to show a judgment against Yarbrough and an execution issuing thereon.—*Lewis v. Gorguette,* 3 Stew. & P. 184. When a record or an office paper is lost or destroyed, if its former existence is satisfactorily shown, secondary evidence of its contents will be re-

ceived.   Sometimes existence and contents may be presumed, if the record is ancient; but in all cases, it is, like other documents, the subject of secondary evidence of the highest grade the party can introduce.—1 Greenl. Ev. § 509.   More than 24 years had elapsed after the issue of the execution against Yarbrough, the sale by the sheriff, the execution and registration of the deed, reciting the execution, the levy, and sale.   These are facts having a strong tendency to show the existence of the execution; and when the paper is not found in the office of the clerk, its proper place of deposit, a less degree of corroboratory evidence of existence and contents is necessary than if the transaction was more recent."

What was said above is strictly applicable to this case.

Moreover, sections 3986 and 3995 of the Code make such evidence admissible.   If a transcript of the record was admissible, then surely the record itself was admissible.   This is one of those unfortunate cases in which the title to land is attempted to be determined in an action which is not appropriate and was not intended for that purpose.   Such always lead to trouble, if not to inconsistencies.   It appears from the record that the real dispute in the this case is, Who is the owner of the land described in the complaint?   This is not a proper action in which to decide that question.

The record in this case shows without dispute that the lands in question were wild lands; and therefore we are not expected to find the actual, open, notorious, and visible possession thereof that we would of lands that are in cultivation, or other open use.   They seem to be valuable, at least chiefly, for the timber upon them; consequently the character of the possession depends upon the character of the land and of the uses to which it is devoted by the owner.

[Williams v. Lyon.]

It is indisputably shown that one Dees was once the owner of these lands, and therefore had the constructive possession thereof.  It is also shown, we think, beyond reasonable doubt, that the title of Dees passed into the plantiff by virtue of an execution sale and deed, and that the title of those through whom the respondent claims is void as against the purchasers at the execution sale, and those who claim through them.  There was no actual possession, as distinguished from constructive possession, which could support this action or maintain a defense thereto.  It does appear, however, we think, indisputably, that the plaintiff was in the constructive possession of the land in question when the trespasses were committed, or when the trees and logs in question were carried away by the defendant, and that his acts were therefore wrongful in such sense as to support this action.

Adverse possession of land cannot be shown by hearsay testimony.  If the possession and its continuity be otherwise shown, the notoriety thereof may be shown by such hearsay testimony; but the possession itself, or its duration, cannot be proven by such evidence.—*T. C. I. & R. R. Co. v. Linn,* 123 Ala. 112, 26 South. 25, 82 Am. St. Rep. 108.  The trial court did not err in its rulings in declining to allow the defendant to prove by the declarations of third parties who was in possession of the land and who was the owner of such land.

If the defendant could have shown that he or those under whose rights he claimed were in the adverse possession of the land at the time he cut or carried away the timber, this would have been a defense to the action; but this he failed to do.

The only possession he showed was that implied from entries on the land only at the time and for the purpose of cutting and taking the timber.  This, of course, with-

out more, was not sufficient; if it was so, every trespasser upon the land could show possession sufficient to defeat the owner's action against him. Occasional acts of entry upon land, and cutting timber therefrom, are not sufficient to show possession against the true owner, and would never ripen into adverse possession against the owner. Such acts are not only not inconsistent with mere trespass upon the land, but they are the very kind of acts necessary to constitute the trespass.

Aside from the mere opinions and conclusions of some of the witnesses, the defendant was not shown to have been in the possession of the lands when the timber was cut or carried away; nor did he connect himself with any such title or possession as would justify his entry or cutting of the timber. As before stated, the legal title was shown to be in the plaintiff, which, therefore, drew to it the constructive possession sufficient to support the action, in the absence of an actual possession in another, which was not shown.

While some of the witnesses did give their opinion or conclusion that other parties than the plaintiff were in the possession, the undisputed facts show that such opinion or conclusion was erroneous, and that there was no actual possession of these lands, aside from constructive possession, such as would defeat the plaintiff's right to recover in this action. In an appropriate action, the defendant might have been able to defeat the prima facie title and constructive possession shown in this case, but he offered no evidence competent or sufficient to do so in this action, in which the title to the land was not put in issue.

The rules of law and evidence applicable to such actions were stated in the case of *Aldrich Mining Co. v. Pearce,* 169 Ala. 161, 52 South. 911, Ann. Cas. 1912B, 288: "The owner of the freehold cannot maintain a per-

[Williams v. Lyon.]

sonal or transitory action to recover a part of the free-
hold, or damages for conversion thereof, which has been
converted into personalty by a severance from the free-
hold, if at the time of the severance he has not the actual
or constructive possession of the land.—*Cooper v. Wat-
son,* 73 Ala. 254; *Fielder v. Childs,* 73 Ala. 567; *Beatty
v Brown,* 76 Ala. 267; *Street v. Nelson,* 80 Ala. 230;
*Rogers v. Brooks,* 99 Ala. 34, 11 South. 753; *Kellar v.
Bullington,* 101 Ala. 270, 14 South. 466; *Stewart v.
Tucker,* 106 Ala. 321, 17 South. 385."

The *Pearce Case, supra,* and this case are different in
this: In the one case the plaintiff had no documentary
title or actual possession, but sought to prove title by ad-
verse possession acquired by constructive possession un-
der color of title. The defendant in that case was indis-
putably in the actual possession of the land in question,
and was engaged in mining coal therefrom, had a mine
in actual and constant operation thereon under claim of
ownership. We held in that case that the plaintiff could
not recover.

In this case the rights and positions of the parties are
reversed. There was no actual possession of either party
which will maintain or defeat the action of trespass. The
plaintiff, however, does show a constructive possession
which will support the action against a mere trespasser.
As much as the defendant's evidence shows, or tends to
show, is occasional entries upon the land for the purpose
of cutting timber, which, under the evidence, were not
inconsistent with the acts of a trespasser, but were, in
fact, the very acts which a trespasser would commit.

If the court had admitted the deeds in evidence, which
were offered by the defendant, they would have, at most,
answered only as color of title, and no such actual pos-
session was shown thereunder, or was offered to be
shown, as would have defeated the legal title which was

shown to be in the plaintiff, nor would it have shown such possession on the part of the defendant as to defeat this action. It therefore follows that if any error intervened, as to the rulings in rejection of defendant's proffered evidence, it was without injury to the defendant on this trial.

What was said by this court in the case of *Brannan v. Henry*, 175 Ala. 454, 57 South. 971, as to occasional acts of possession and ownership to show title or adverse possession, is apt in this case. It is there said: "We have considered the evidence in this case in all its bearings, and are of the opinion that the facts testified to on behalf of the appellant, whatever they may be held to show in respect of his intention to claim ownership during the period of six years, or thereabouts, they fail to show that continuity of possession without which mere intention amounts to nothing. They show, at most, only occasional disjointed acts of possession affording, in our judgment, no sufficient basis for a verdict which would divest the true owner of his title. The trial court might well have given the general affirmative charge for plaintiff, since the burden of proving title by adverse possession was upon the defendant. This conclusion eliminates all questions as to rulings assigned for error, other than those we have noticed, and the judgment will be affirmed."

The judgment of the court below in the case at bar is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.