(102 So. 535)

**AUSTIN v. MOEBES.** (8 Div. 650.)

(Supreme Court of Alabama. Nov. 20, 1924. Rehearing Denied Jan. 28, 1925.)

I. Trespass ⊚⟷19(8)—Legal estate in plaintiff essential to statutory action for cutting trees.

Legal estate in plaintiff is essential to maintenance of action, authorized by Code 1907, § 6035, to recover the statutory penalty for cutting trees.

2. Appeal and error ⊚⟷882(3)—Judgment, based on insufficiency of complaint for statutory action, held not error, though sustainable on another ground.

Where amended complaint made it plain that plaintiff based action on Code 1907, § 6035, entry of judgment for defendant, based on the insufficiency of the complaint for cutting trees under that section, *held* not error, though the complaint might have been sustained as one in trespass irrespective of the statute.

Appeal from Circuit Court, Morgan County; Jas. E. Horton, Jr., Judge.

---

Action by C. H. Austin against Otto Moebes. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Affirmed.

The amended complaint is as follows:

"Plaintiff claims of the defendant the sum of $320 for this, that heretofore, during the year 1921, the defendant or others, by his authority and directions, did enter upon lots 1 and 2 of Garth Heights subdivision in section 25, range 5 west, in Morgan county, Ala., and did willfully and knowingly cut therefrom 32 trees and saplings of oak on or about November 23, 1921, without the consent of owner of said premises, and the plaintiff avers at the time of the cutting of the said timber he had the legal title to said premises."

E. C. Nix, of Albany, for appellant.

The complaint is sufficient as a count in trespass. Pike v. Elliott, 36 Ala. 69; Code 1907, § 5382 (26); Benjamin v. Slaughter, 151 Ala. 445, 44 So. 468; 38 Cyc. 994.

Eyster & Eyster, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1, 2] The complaint and the amendment thereto gave the trial court very distinctly to understand that plaintiff was bringing his suit to recover the statutory penalty, denounced by section 6035 of the Code of 1907, for cutting trees. The trial court cannot now be put in error on the ground that the complaint might have been sustained as a complaint in trespass without regard to the statute.

Plaintiff showed an equity in the land and the trees cut, but failed to show that the legal estate was vested in him. This court has repeatedly held that the legal title in plaintiff is necessary to the maintenance of the action. Shelby Iron Co. v. Ridley, 135 Ala. 513, 33 So. 331, and cases cited.

The court committed no error in giving judgment for the defendant, appellee.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.