103 So.2d 785

**W. L. DOLLAR et al.**

v.

**Audrey S. McKINNEY.**

**7 Div. 380.**

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied June 26, 1958.

J. J. Cockrell, Birmingham, for appellants.

**630**

Geo. W. Hodges, Jr., Ashville, and Starnes & Holladay, Pell City, for appellee.

LAWSON, Justice.

This suit was filed in the circuit court of St. Clair County, northern division, by Mrs. Audrey S. McKinney against W. L. Dollar, Lonnie Nick Dollar, George Crowe and G. W. Crowe.

The purpose of the suit is to recover damages for the cutting of certain timber by the defendants on lands claimed by plaintiff.

The case went to the jury on an amended complaint containing counts in trespass to realty, trespass to personalty, trover, and for the statutory penalty for cutting trees and on the defendants' plea of the general issue in short by consent.

There was a jury verdict in favor of plaintiff in the amount of $400. Judgment was in accord with the verdict. The defendants' motion for new trial was overruled.

Certificate of appeal was filed in this court on August 17, 1957. The cause was submitted here on February 7, 1958. Submission was had on the merits and on motion of the appellee, Mrs. Audrey McKinney, to dismiss the appeal.

### Motion to Dismiss Appeal.

All of the grounds of the motion to dismiss the appeal are to the effect that it was not properly perfected in that none of the defendants below signed the appeal bond.

The appeal bond, the citation of appeal, and the certificate of the register all state that the defendants below took the appeal and there is nothing in the record to indicate to the contrary. The appeal bond need not be signed by the parties appellant. All that is necessary is security for the costs. McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808, and authorities cited. That requirement was met.

The motion to dismiss the appeal is without merit and is due to be and will be overruled. It is so ordered.

### On the Merits.

Reversible error is not made to appear in connection with the trial court's action in refusing the affirmative instructions requested by the defendants below.

In actions for trespass and for statutory penalty for cutting trees, ownership or title may be inquired into. Aldrich Mining Co. v. Pearce, 169 Ala. 161, 52 So. 911.

Trover has been said not to be a proper form of action to try title to land. Aldrich Mining Co. v. Pearce, supra; Granade v. United States Lumber & Cotton Co., 224 Ala. 185, 139 So. 409. Cf. Williams v. Lyon, 181 Ala. 531, 61 So. 299. But the principle is well supported that constructive possession of land resulting from legal title is sufficient to support an action for conversion of timber thereon where the person severing and converting the timber was not in adverse possession at the time of severance. Landrum v. Davidson, 252 Ala. 125, 39 So.2d 662, and cases cited; Granade v. United States Lumber & Cotton Co., supra; White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A. 199. See Ford v. Bradford, 218 Ala. 62, 117 So. 429, where the real issue was a boundary dispute and counts in trespass and trover were joined with a count claiming the statutory penalty.

Admittedly a number of trees were cut and removed by the defendants George Crowe and G. W. Crowe under the direction and authorization of the defendants

W. L. Dollar and Lonnie Nick Dollar from lands belonging to either the plaintiff or the defendant W. L. Dollar, who are coterminus landowners.

██ The plaintiff offered evidence going to show record title to the strip of land from which the trees were cut. The defendants presented testimony tending to show that the defendant W. L. Dollar had acquired that strip by adverse possession and the case was tried by the court and the parties as presenting the issue of adverse possession. See Upton v. Read, 256 Ala. 593, 56 So.2d 644. However, the evidence in regard to possession was in conflict and a jury question was presented as to whether the trees which were cut belonged to the plaintiff or to the defendant W. L. Dollar. See Dawsey v. Newton, 244 Ala. 661, 15 So. 2d 271. We are not going to undertake to set out the testimony of the several witnesses who gave testimony concerning the so-called agreed line. The record is in such shape that we could not do so to any degree of accuracy. The witnesses were examined in connection with two blackboard drawings. Copies of those drawings have been included in the record by agreement, but they are of very little benefit to us, for witnesses were continually examined concerning points on the maps which we are unable to identify.

██ Perhaps we should repeat the oft-stated rule that in considering the action of the trial court in refusing an affirmative instruction requested by a defendant, we review the evidence in the light most favorable to the plaintiff, regardless of any view we may have as to its weight, and we must allow such reasonable inferences as the jury was free to draw, not inferences which we may think the more probable. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633; Atlantic Coast Line R. Co. v. McMoy, 261 Ala. 66, 73 So.2d 85.

But aside from what we have said above in approval of the trial court's action in refusing the several affirmative instructions requested by the defendants, there is yet another reason why we could not reverse for such refusal. These charges are all in bad form and for that reason if for no other, were refused without error. Each of the charges concludes with a direction to "find the issues in favor of the defendant" under the separate count in reference to which the charge was framed. For instance, the defendants' refused Charge No. 1 reads: "1. Court charges the jury that if you believe the evidence in this case it would be your duty to find the issues in favor of the defendant under Count One of the Complaint as last amended." Identical charges were requested and refused as to the other four counts of the complaint.

██ It has long been settled by our decisions that where a complaint contains several counts, special requested written charges which direct the jury if they believe the evidence they should find for the defendant on one or the other of said counts, are properly refused. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429; Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; Christian Benevolent Burial Ass'n v. Huff, 241 Ala. 119, 1 So.2d 390; Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247; Southern R. Co. v. Alsobrook, 223 Ala. 540, 137 So. 437; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480; South Central Tel. Co. v. Corr, 220 Ala. 127, 124 So. 294; May v. Draper, 214 Ala. 324, 107 So. 852; Roach v. Wright, 195 Ala. 333, 70 So. 271; Kress v. Lawrence, 158 Ala. 652, 47 So. 574; Alabama Iron Co. v. Smith, 155 Ala. 287, 46 So. 475; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Mobile & O. R. Co. v. George, 94 Ala. 199, 10 So. 145. The reason for the rule is pointed out in the following excerpt from the opinion in the case last cited above:

"* * * While some of the charges, such as 1, 3, and 4, assert correct legal propositions, they conclude with a direction to *return a verdict in favor of*

*defendant*' under the special and separate count in reference to which they are framed. The complaint, as amended, contains six counts, as to each of which a similar charge was separately asked. Had there been but one count, or, being several, had the charge upon the effect of the evidence applied to the whole complaint, there could be no objection to such conclusion of the charge, but, when there are two or more counts, the phraseology is subject to criticism. It is calculated to impress the jury with the idea that a separate verdict must be returned as to each count, though under some they may find for the plaintiff. Its tendency is to mislead or confuse, and requires explanation. * * * " 94 Ala. 222, 10 So. 154.

Assuming that on the hypotheses stated the plaintiff was not entitled to recover, the form of the charges should have been that the jury should not find for the plaintiff, or should not find against the defendants on the stated count. Rhodes-Carroll Furniture Co. v. Webb, supra; Goldstein v. Leake, supra.

■ The grounds of the motion for new trial to the effect that the verdict is contrary to the great weight of the evidence were, in our opinion, overruled without error. Verdicts are presumed to be correct and no ground of a motion for new trial is more carefully scrutinized and more rigidly limited than that the verdict is against the weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Smith v. Smith, 254 Ala. 404, 48 So.2d 546. Furthermore, where the trial court, as here, refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Smith v. Smith, supra; Thomas v. Rogers, 256 Ala. 53, 53 So.2d 736. The court and jury heard and saw each of the witnesses testify and they were in a position to understand the testimony of the witnesses which was elicited in reference to the drawings on the blackboard. We are not so circumstanced. An examination of this record convinces us that in this case the trial judge and the jury were peculiarly advantaged to pass upon the issues of fact for determination. We are not willing to say that our judgment, based only on the printed page, is superior to that of the jury and the trial judge.

■ The grounds of the motion for new trial resting on the challenge that the verdict was contrary to law cannot be considered because the claimed error was not specifically pointed out; a general assignment to that effect will not suffice. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R. 2d 465; Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440; Little v. Peevy, 238 Ala. 106, 189 So. 720.

■ One of the assignments of error to which some reference is made in brief filed here on behalf of appellants is to the effect that the trial court erred in overruling the ground of the motion for new trial which challenged the action of the trial court in not granting a continuance because of the illness of the defendant W. L. Dollar. There is no merit in this assignment of error. There is no motion for a continuance in this record. There is no ruling on such a motion and nothing is contained in the record which tends to support the averments of the ground of the motion for new trial. Moreover, a motion to postpone or continue a trial is addressed to the sound judicial discretion of the trial court and its refusal is not reviewable except for gross abuse of discretion. American Rubber Corp v. Jolley, 260 Ala. 600, 72 So.2d 102; Ex parte Driver, 258 Ala. 233, 62 So.2d 241; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89. Certain it is we find no such abuse of discretion in the present case.

■ The trial court did not err to a reversal in refusing defendants' written Charge 6. Even if the complaint only

charged trespass to realty, the charge would have been refused correctly because it ignores the question as to whether defendants' possession was rightful. Zundel v. Baldwin, 114 Ala. 328, 21 So. 420.

Appellants argue that the trial court erred in refusing their written Charge 15, which reads: "15. Court charges the jury that before the plaintiff can recover in this case, you must be reasonably satisfied from the evidence that at the time the trees involved in this suit were cut, the plaintiff owned the particular part of the land whereon the trees stood when said trees were cut."

Reliance is had upon our holding in Ford v. Bradford, 218 Ala. 62, 117 So. 429, that defendant's Charge A in that case was correctly given. In regard to that charge we said:

"Charge A, given for defendant, denies plaintiff's recovery, unless the trees in suit were *cut* from plaintiff's two 40's, and it is urged that this limitation was erroneous, since the statute allows a recovery for either cutting trees, or removing them after they have been cut. As applicable to the evidence in this case, however, the charge was correct, since these trees were not the property of plaintiff, unless they were cut from plaintiff's land." 218 Ala. 65, 117 So. 432.

■ In Ford v. Bradford, supra, as in this case, the complaint contained counts in trespass, in trover, and a count claiming the statutory penalty for cutting and removing trees. But unlike Charge 15 in this case, Charge A in Ford v. Bradford, supra, was limited in its operation to Count 1 in that case, which set up the statutory penalty. Our cases are to the effect that only the owner of the freehold may maintain such an action. Story v. McWhorter, 216 Ala. 604, 114 So. 206; Smith v. Collier, 210 Ala. 23, 97 So. 101; Austin v. Moebes, 212 Ala. 455, 102 So. 535.

■ But in actions of trespass to realty and trespass to personalty, the gist of the action is the injury to plaintiff's possession and possession, whether founded on a good or bad title, will support the action against a wrongdoer or stranger. Story v. McWhorter, supra; Southern R. Co. v. Hayes, 183 Ala. 465, 62 So. 874; Carter v. Fulgham, 134 Ala. 238, 32 So. 684; Frost v. Johnson, 256 Ala. 383, 54 So.2d 897; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164.

■ We hold that Charge 15, not being a correct statement of law as to some of the issues made by the pleadings, was refused without error.

■ Under the counts charging trespass to realty, the difference in value of the land before and after the cutting of timber was a proper basis for fixing the amount of damages. Lee v. Gidley, 252 Ala. 156, 40 So.2d 80; Alabama Great Southern R. Co. v. Russell, 254 Ala. 701, 48 So.2d 249; Ford v. Sellers, 257 Ala. 404, 59 So.2d 799.

■ On direct examination, E. Leon McKinney, the husband of plaintiff, who was called as a witness on her behalf, testified without objection that the value of the twenty acres prior to cutting of the timber was $3,000 and that its value after the cutting was only $1,000. On cross-examination it was shown that the witness had not counted the number of trees which were cut but that he had been told by his "men" that 125 pine trees had been cut. Counsel for defendant then moved to exclude the testimony of McKinney as to the valuation because he had admitted he did not know how many trees were cut. The court overruled that motion, which action is assigned as error. This court has held that in some instances error to reverse occurs where a trial court denies a motion to exclude testimony given by a witness on direct where on cross it is made to appear that he was ignorant of the facts to which he had testified. City Nat. Bank v. Nelson, 218 Ala. 90, 117 So. 681, 61 A.L.R. 938; Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193. However, we do not think the admission by the witness E. Leon

McKinney that he did not know exactly how many trees had been cut justifies the conclusion that he was ignorant of the value of the lands after the cutting. The evidence shows that he was thoroughly familiar with the condition of the property both before and after the cutting of the timber and the fact that he did not know the exact number of trees cut would not, in our opinion, deprive him of the right to express an opinion as to the value after the cutting.

■ The deed under date of March 14, 1878, which plaintiff introduced in evidence evidently as a part of her chain of title contains certain alterations, according to the photostatic copy included in the record. No effort was made to account for those alterations and the deed was admitted over the objection of the defendant on that ground. However, the alterations were not "in a part material to the question in dispute." Hence § 430, Title 7, Code 1940, has no application. It affirmatively appears that the alterations did not affect the lands in dispute, which were included in the deed along with other lands.

■ The "gin property" is not involved in the litigation in any way, as we understand the record. Hence, the trial court in our opinion did not err to a reversal in sustaining an objection interposed by plaintiff to the question, "Did you ever hear about the title to that property the gin stands on?" asked the witness Tom Carter by the defendant.

■ The amount of the verdict in this case finds support in the evidence. Aside from the evidence relating to damages under the several counts, the jury was entitled under the pleadings and evidence to award punitive damages. Our holding in Donavan v. Fandrich, 265 Ala. 439, 92 So. 2d 1, has no application.

We have given careful consideration to each of the assignments of error which have been referred to in brief filed here on behalf of appellants and, finding no merit

in any of them, we are constrained to affirm the judgment of the trial court.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.