# Schuessler *v.* Simon.

*Action of Assumpsit.*

1. *Plea of tender.*—Where the defendant owed plaintiff a certain amount on account, and tendered such amount when due, which tender plaintiff refused to accept, and brought suit for a larger amount, when defendant, under his plea, deposited the amount tendered with the clerk of the court, which plaintiff still refused to accept, but recovered only the amount so tendered, the defendant was entitled to recover judgment against plaintiff for costs of the suit.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was an action of assumpsit brought by the appellant against the appellee, on the common counts.   There was judgment for the defendant and plaintiff appeals.

The facts are sufficiently stated in the opinion.

E. K. CAMPBELL, for the appellant.

CHARLES P. JONES, for the appellee.

HARALSON, J.—This is a suit on an account for $131.90, for work and labor done, and for goods, wares and merchandise sold by plaintiff to defendant.   The case was tried by and before the presiding judge, without the intervention of a jury, on the pleas of non-assumpsit and tender of the amount due, before the commencement of the suit.   The court found the issues in favor of the defendant, and rendered judgment for him against the plaintiff for costs of suit.

The preponderance of the evidence favors the finding of the court below, that the sum of $42.50 the amount claimed to have been tendered by defendant to the plaintiff before

[Schuessler v. Simon.]

suit brought, was all that was due to the plaintiff by defendant.

The defendant testified, that when the work was completed, which he employed the plaintiff to do, and when he presented his bill for payment, which was for a much larger sum than that agreed on, he tendered to him in gold and silver the full amount he owed him—$42.50—and plaintiff declined to accept it. The defendant's son, on his examination testified to the making of said tender, as testified to by defendant. It was also shown by defendant, that this sum of $42.50 was brought by him into court, and was then in the hands of the clerk, but it was not shown on what day it was paid to the clerk.

The plaintiff, on this point, testified that defendant had not tendered to him $42.50, but that, when he presented to him his account, he offered to settle it, at $60, which he declined to accept, when defendant offered to pay $75.00, and declined to pay any more than that, which was not accepted.

From the foregoing, the following facts appear to be established, (1) that the sum of $42.50 was all that was due to plaintiff by defendant, on the account for which this suit is brought; (2) that when the account was due, defendant tendered said sum to plaintiff in gold and silver, in payment of said debt, and defendant refused to receive it or any sum, less than that claimed by him to be owing; (3) that after such tender, plaintiff instituted this suit for the full amount of his claim, and, (4), that the defendant deposited said sum—which the court ascertained was all that was owing—in the hands of the clerk of the court, where it was, on the day of the trial, and which sum plaintiff persisted in refusing to accept, claiming the full amount for which he sued.

Under this state of facts, we hold, that the defendant was entitled, as the court found, to his judgment against the plaintiff for the costs of this suit.

Affirmed.