# Bynum *v.* Gay.

## *Trespass to Realty.*

### (Decided May 24, 1909.   49 South. 757.)

1. *Pleading; Motion to Strike; Time.*—Where issue has been joined on a plea, the court will not be put in error for overruling a motion subsequently made to strike the plea.

2. *Trover and Conversion; Property Subject to Conversion.*— Where trees were cut from plaintiff's land, and without the knowledge or procurement of defendant were converted into timber, and incorporated into fences and buildings on the defendant's property, it lost its character as personal property and became a fixture or part of the realty and not subject to an action of trover.

3. *Same; Instructions.*—Where the action was for trover for conversion of timber alleged to have been cut from plaintiff's land, and used in the construction of fences and buildings on defendant's land, a charge asserting that if only nominal damages were suffered by the plaintiff, the verdict should be for the defendant on his plea of tender before suit brought is not erroneous.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by R. H. Bynum against A. A. Gay, for trover, trespass, and conversion.   From a judgment for defendant, plaintiff appeals.   Affirmed.

The facts are sufficiently stated in the opinion.   The following charge was refused to plaintiff: "If the timber used to build the barn and fence on Gay's place were cut from Bynum's land without his consent, and Mr. Gay thereafter used said barn and fence as his own, then Mr. Gay is liable to Mr. Bynum for the reasonable value of such timber; and this is true, even though Mr. Gay may not have authorized the cutting of the timber." The bill of exceptions recites that the court charged the jury orally, first, that if they find, from the evidence, the plaintiff's damages to be only nominal, he could not recover, as, if they so found, the plea of tender was good, then the plaintiff could not recover; second, that if the

jury found the damages to be more than nominal, one cent or one dollar, the plea of tender was not an answer, and they should find for the plaintiff whatever damages the evidence showed, if any was shown, to have been done by the defendant or by his direction, and further, that the plaintiff cannot recover unless he shows reasonably that the defendant or some one by his direction or instruction cut or removed the timber, and also that if they find, from the evidence, that defendant sold any poplar trees to Wheeler, and Wheeler got any such timber from the lands of the plaintiff, and the defendant did not know they were gotten from plaintiff's land, though Wheeler paid defendant the same by giving credit on account, the plaintiff could not recover for the same under either count of the complaint. The following charge was given for the defendant: "If the jury believe, from the evidence, that the damage to plaintiff, for which defendant is liable, is merely nominal, then your verdict should be for the defendant on his plea of tender."

BILBRO & MOODY, for appellant.—The plaintiff was entitled to recover on his count in trover for the conversion of timbers removed from his land that were appropriated to the defendant's use, although such timber may have been cut and removed by persons other than the defendant, and without the defendant's knowledge. —*Cook v. Thornton*, 109 Ala. 523; *White v. Yawkey*, 108 Ala. 270; *Conner v. Allen*, 33 Ala. 515; *Wiggs Bros. v. Ringman*, 45 South. 153. Tender was not a proper issue in this case, and hence, the motion to strike should have been granted.

VIRGIL BOULDIN, for appellee.—Under the evidence in this case, plaintiff could not recover in trover.—Cooley on Torts, 531; *Thweatt v. Stamp*, 67 Ala. 96. The court

properly charged as to the plea of tender and nominal damages.—*Blackburn v. A. G. S.,* 143 Ala. 346.

McCLELLAN, J.—The complaint contains three counts, one for the value of trees cut and removed by Gay from the lands of Bynum, one for the conversion of such timber, and one in trespass. The pleas were the general issue and of tender. The judgment entry re cites that issue was joined on the pleadings; thus, as we construe it, including the plea of tender. The bill of exceptions recites that the "plaintiff on the trial moved to strike the plea of tender from the file." The court overruled the motion. After having joined issue on the plea, there was no error in overruling plaintiff's motion to strike. He should have, if so advised, assailed the plea before joinder in issue thereof.—*Rudulph v. Wagner,* 36 Ala. 698. The plea was not proven beyond dispute. The sum tendered and paid into court, as averred in the plea, was $22.16, and there were tendencies in the proof to the effect that timber of a greater value was cut and removed or appropriated, from the land of plaintiff, at the instance of the defendant.

The remaining errors assigned relate to the oral charge of the court and to the refusal of special charges requested for plaintiff and one such charge given for defendant. In brief of counsel for appellant, the whole insistence for recovery is based on the trover count of the complaint. The status of the proof clearly required the issues raised by that count to be submitted to the jury as was done. The affirmative charge in that connection was therefore properly refused to plaintiff.

Charge 1 was well refused to plaintiff. There was some evidence to the effect that without the knowledge or consent of defendant timber of plaintiff was cut, and without defendant's knowledge or consent this timber, or its product, was used in fencing and constructing

houses on defendant's lands. Trover will only lie for the conversion of chattels and there was testimony in the cause fairly inducing the conclusion that timber from plaintiff's land, without the knowledge, consent, or procurement of defendant, became attached to defendant's lands, and therefore realty. If it became a fixture—realty—before defendant had any knowledge or notice of the source from which the timber, or its product, came, we do not think trover would lie.—*Thweatt v. Stamps*, 67 Ala. 96. Reference to the decisions cited in brief of counsel for appellant will show their want of bearing upon the question just stated. Accordingly, the court did not err in refusing charge 1.

In the oral charge of the court and in a special charge given at the instance of the defendant, the jury was instructed that, if only nominal damages were found to have been suffered by plaintiff for which defendant was liable, the verdict should be for defendant on his plea of tender before suit brought; and, on the other hand, if more than nominal damages were found to have been suffered by plaintiff for which defendant was responsible, then full damage to plaintiff should be awarded without regard to the plea of tender. Without committing this court to the propriety of the plea of tender in this action (see 2 Chitty, p. 470; 28 Ency. Law, pp. 10, 11; *Cernahan v. Chrisler*, 107 Wis. 645, 83 N. W. 778), the general law seems to have been declared by the court on the status made by the unassailed plea of tender.—28 Ency. Law (2d Ed.) p. 11; *Schuessler v. Simon*, 100 Ala. 422, 14 South. 203; *Gardner v. Black*, 98 Ala. 638, 12 South. 813; *Syson v. Hieronymus*, 127 Ala. 482, 490, 28 South. 967.

No error prejudicial to appellant appears in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.