# Carden *v.* Louisville & Nashville R. R. Co.

## *Killing Animal.*

(Decided November 12, 1914. Rehearing denied December 15, 1914. 66 South. 921.)

1. *Justice of the Peace; Appeal from; Trial.*—Where a case is appealed from the justice court to the circuit or city court, the judgment of the justice court is thereby vacated, and the case in its entirety, is on trial de novo.

2. *Same; Appearance; Pleading.*—Where a case from a justice court is appealed to the circuit or city court, and defendant enters an appearance, such appearance is tantamount to a plea of the general issue.

3. *Costs; Amount; Recovery.*—Under section 4724, Code 1907, the costs were not properly a part of the recovery, and could not be added to the verdict to increase the amount of recovery.   Hence, where a plaintiff appeals from a justice court judgment awarding him $35, the amount of the tender made him by defendant, and in the circuit court had a verdict and judgment for $35 damages, there was not a recovery for more than the amount for which the justice rendered judgment, and the costs were properly taxed against plaintiff.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

R. A. Carden sued the L. & N. Rialroad Company in a justice court for damages for killing stock, and recovered judgment for $35, the amount which had been tendered him by defendant, he appealed to the circuit court where he had verdict and judgment for the same amount, and the court taxed him with the costs, and from a denial of the motion to tax defendant with the cost, plaintiff appeals.   Affirmed.

RIDDLE & ELLIS, for appellant.   Plaintiff was entitled to his costs, because of the fact that the jury rendered a verdict for damages for $35, which was no more than the amount rendered by the justice of the peace, but which denied and overturned the judgment of the justice in that the jury found against defendant on its plea of tender.—Sec. 4724, Code 1907; *Beason v. Riddle,* 11 Ala. 743; *Guscot v. Roden,* 112 Ala. 632.

BROWN, LEEPER & KOENIG, for appellee.   In order to escape the burden of costs on his appeal, plaintiff must do two things: 1st, defeat the plea of tender by showing it was made too late, or that it was insufficient in amount, and 2nd, recover more damages in the county court than he did in the justice court.—Sec. 4724, Code 1907; 5 Enc. P. & P. 160.   The cases referred to by appellant in his brief are without application to the facts here.

PELHAM, P. J.—In the justice of the peace court, where the case originated, the appellant, as plaintiff, sued the appellee railroad company for $45 damages for the negligent killing of a cow by striking it with a train. The defendant pleaded the general issue and a plea of tender of $35. The justice found against the defendant on the general issue and in its favor on the plea of tender, and rendered judgment in favor of plaintiff and against the defendant for $35, and taxed the costs accordingly, i. e., against the plaintiff. From this judgment the plaintiff prayed for and obtained an appeal to the county court of Shelby county, and when the case came on for trial in that court amended his complaint so as to claim $50 instead of $45 as claimed in the justice court. The case was tried before a judge and jury in the county court and the jury returned a verdict in the following language: "We, the jury, find the issue for the plaintiff and assess his damages at $35.00." Upon this verdict a judgment was entered up in the county court in favor of the plaintiff for the $35, and, under the provisions of section 4724 of the Code, the plaintiff was taxed with the costs. Thereupon the plaintiff moved the court to amend the judgment nunc pro tunc so as to tax the defendant with the costs, contending that the case was tried in the county court only on the defendant's plea of tender, and was decided adversely to defendant, carrying the costs as a proper charge against the defendant.

The bill of exceptions does not contain the evidence or any of the proceedings had in the county court on the trial of the case proper, but only the evidence offered on the hearing of plaintiff's motion to amend nunc pro tunc. Set out in the bill of exceptions are certain written charges given at the request of the plaintiff on the original trial, in which the jury were instructed that if they

believed certain facts to exist, they should find against the defendant "on its plea of tender," and also certain charges given at the defendant's request, that the jury on the facts hypothesized in the charges should find in favor of the defendant under the issue of its plea of tender. But we are left entirely without knowledge as to what evidence was before the court on the trial of the main case. The pleadings show that the plaintiff amended his complaint so as to entitle him to recover a larger amount, and by the appeal the judgment in the justice court had been vacated, and the case in its entirety was in the county court for trial de novo.—*Harsh v. Heflin,* 76 Ala. 499. Such trial involved an ascertainment and finding of the amount of damages—the recovery to which the plaintiff might show himself to be entitled. The defendant's appearance was tantamount to a plea of the general issue.

No separate finding on the defendant's plea of tender is shown by the recitals in the transcript. The only finding of the jury shown is a general verdict in favor of the plaintiff in the same sum for which the justice rendered judgment in his favor; and, as it was not a recovery for "more than the amount for which the justice rendered judgment," under the operation and effect of section 4724 of the Code, the costs were properly taxed against the plaintiff.

As stated, it deos not appear that there was an affirmative finding or verdict in favor of the plaintiff and against the defendant in the county court on the latter's plea of tender, but, if so, and the *damages* assessed by the jury were not greater than the amount for which the justice rendered judgment, then the plaintiff's *recovery* would not be for "more than the amount for which the justice rendered judgment."—Code, § 4724. And under the requirements of this special statutory provision, the

[Carden v. Louisville & Nashville R. R. Co.]

costs were properly adjudged against plaintiff, and his
motion to amend the judgment and have the defendant
taxed with the costs could not prevail without doing vi-
olence to the mandate of the statute, providing that a
plaintiff who does not *recover* more on his appeal must
be taxed with the costs. The statute makes it a prere-
quisite that the plaintiff, to be allowed costs, must
*recover* more on the appeal than he recovered
in the primary court, and the costs of the case
could not, in any event, be included and added to
the amount of the finding or judgment for the purpose
of increasing the amount of the plaintiff's recovery as
fixed by the jury, to make it more than the amount
found by the justice. It is universal to refer to the re-
covery of a successful party as the amount of the finding
in his favor exclusive of costs. Costs are not generally,
properly or technically speaking, a part of the recovery
itself, but only an incident to it—something that follows
or flows from it as an allowance imposed and to be taxed
and collected under statutory authority in the nature of
a penalty.

The plaintiff not having recovered a judgment for
more damages in the trial de novo on appeal, but only
for the amount tendered, the defendant was entitled to
a judgment against the plaintiff for the costs of the suit.
—*Schuessler v. Simon,* 100 Ala. 422, 14 South. 203.

Affirmed.