(75 South. 895)

MacARTHUR BROS. CO. et al. v. MIDDLETON. (5 Div. 635.)

(Supreme Court of Alabama. Feb. 15, 1917. Rehearing Denied May 31, 1917.)

1. TROVER AND CONVERSION �köm32(4) — COMPLAINT—SUFFICIENCY ON DEMURRER.

A count claiming damages for the conversion by tenant "during the months of December, 1913, and January and February, 1914," of lumber in houses erected by him charged but one continuous conversion, and was good on demurrer.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 198, 199.]

2. FIXTURES �ököm35(2)—HOUSES.

Where houses are erected upon the land of another, they are prima facie a part of the realty, and will be so treated, in the absence of an agreement to the contrary.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 73, 74.]

3. FIXTURES �köm35(4) — HOUSES — RIGHT TO REMOVAL.

In an action against tenant for conversion of houses erected by him, tenant's requested charge, to the effect that he had a right to re-

move the houses, was properly refused; there being an agreement that houses should remain upon the land.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 77.]

4. FIXTURES ☞35(4)—HOUSES—RIGHT OF REMOVAL—CONSTRUCTION.

In an action by a landlord against his tenant for conversion by the latter of certain houses constructed by him, instruction that as between the owner and one in temporary possession of land under an agreement for use of the same the laws are extremely indulgent to the letter with respect to the fixtures annexed for a purpose connected with such temporary possession exceeded the degree of indulgence allowable in favor of a tenant.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 77.]

5. TRIAL ☞253(8)—INSTRUCTIONS—INVADING PROVINCE OF JURY.

In an action by landlord against his tenant for conversion by the latter of certain fixtures, a requested instruction which assumed that the rock bin was a trade fixture was properly refused, where there was sufficient evidence to show that it was intended as a permanent fixture.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 620.]

6. APPEAL AND ERROR ☞1060(3)—ARGUMENT OF COUNSEL—REVERSIBLE ERROR.

In an action of conversion by landlord against tenant, remarks of counsel for plaintiff in argument as to the generosity of the government to tenant, as well as remarks of the court in approbation thereof, was reversible error, being unwarranted by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135.]

Appeal from Circuit Court, Chilton County; A. H. Alston, Judge.

Action by J. H. Middleton against MacArthur Bros. Company and others, for damages for trespass, and conversion. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Count 3 is as follows:

Plaintiff claims of defendant the sum of $3,000 damages for the conversion by them of the following personal property: 300,000 feet of lumber, the property of plaintiff, during the months of December, 1913, and January and February, 1914.

The question arises over the removal by defendant of certain houses erected by defendant upon land of plaintiff leased by defendant for a term of years, the plaintiff treating the houses as fixtures and defendants treating them as trade fixtures.

The following charges were refused to defendant:

(10) If the jury find from the evidence that the structures were built on the land of plaintiff as dwelling houses for the families of defendant's workmen in connection with the purpose for which the lands were leased, and that such purposes were temporary, then defendant had the right to remove said structures from the land.

(11) The court charges the jury that as between the owner and one in temporary possession of land under an agreement for use of the same, the laws are extremely indulgent to the latter with respect to the fixtures annexed for a purpose connected with such temporary possession.

(14) If you believe the evidence in this case, you cannot award plaintiff any damages to compensate him for the rock bin referred to in his testimony, unless you are reasonably satisfied from the evidence that witness and Pope entered into an agreement before the execution of the contract offered in evidence, executed by plaintiff, his wife, and Lula McKee, whereby plaintiff was to receive said rock bin as a part of the consideration for the property conveyed by said contract to Alabama Power Company.

In argument to the jury Mr. Riddle, counsel for plaintiff, stated that the government had been good enough to give the rights to them, and the state had given it to them (meaning Alabama Power Company), whereupon counsel for defendant objected and moved to exclude the argument. In response, the court said the state and the government had been good enough to give them that power. Thereupon counsel excepted and again moved to exclude it, whereupon the court stated, "Why, they gave it to them free of taxation." Defendant's counsel again objected, and the court stated, "That is the law."

Thomas W. Martin, Tillman, Bradley & Morrow, and John S. Stone, all of Birmingham, and Smith & Gerald, of Clanton, for appellants. Middleton & Reynolds, of Clanton, and Riddle & Riddle, of Talladega, for appellee.

ANDERSON, C. J. [1] We think that a fair interpretation of count 3 as last amended charges but one continuous conversion of the articles described covering the period there designated, and that there was no error in overruling the defendant's demurrer to said count. Corona Coal Co. v. Bryan, 171 Ala. 86, 54 South. 522, Ann. Cas. 1913A, 878. The proof also shows that the conversion was commenced in December and terminated in February as charged in the count.

We think that the rulings of the trial court upon the evidence and charges, with reference to the agreement that the houses were to remain upon the land after the termination of the lease, was in conformity with the opinion upon the former appeal of this case. 71 South. 461, 196 Ala. 1.

[2] Moreover, while there was some evidence upon the part of the defendants indicating an intention on their part that the buildings would be what is termed, "trade fixtures," yet we do not think that this evidence, when taken with the length of the lease and the substantial and durable nature of the buildings, overcame the prima facie intendment that they became a part of the realty, and that they should be so treated, in the absence of some agreement or understanding that the same should be removed. In other words, the Alabama Power Company should have reserved the right to treat buildings of this character as trade fixtures by

providing for the removal of same upon the expiration of the lease.

We do not think that the parts of the oral charge excepted to constituted reversible error, when taken and considered with other parts of the said oral charge.

[3] There was no error in refusing charge 10, requested by the defendant. If not otherwise bad, it gave the defendant the right to remove the houses, notwithstanding the agreement that they should remain upon the land.

[4] There was no error in refusing the defendant's requested charge 11. It exceeds the degree of indulgence in favor of the tenant as laid down in the case of Walker v. Tillis, 188 Ala. 313, 66 South. 54, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752. Besides, every expression in an opinion does not afford a basis for a special written charge. Moreover, the articles dealt with in the Walker Case, supra, were of a very different nature and character, and were designed and used for a different purpose than the buildings in question.

[5] There was no error in refusing charge 14 requested by defendants. It assumes that the rock bin was a mere trade fixture, and that the defendants had the right to remove same unless the same had been previously reserved to the plaintiff, when the evidence was sufficient, if not conclusive, to show that it was intended as a permanent, rather than a trade, fixture.

We have considered the assignments of error relating to rulings upon the evidence, and find no reversible error in this respect. The rulings were either free from error, or were rendered harmless by the subsequent exclusion of certain portions of same, or by charging out the plaintiff's counts 1 and 2, or by virtue of the fact that these counts were in when the evidence was received.

[6] We think, however, the case should be reversed for the failure of the trial court to exclude the remarks of counsel as to the generosity of the government and the state to the defendant power company, as well as for the remarks of the court in approbation of the argument and the addition that they were given free of taxation. These questions were neither relevant nor pertinent to any issue involved, and the only function that could be performed by the resort to same was to prejudice and inflame the mind of the jury against the defendants. Cases should be tried upon legitimate issues, and free from prejudice and passion; and, when it is apparent that improper issues are injected into a case, by argument or otherwise, for the purpose of improperly influencing a jury, and which are reasonably calculated to do so, appellate courts should not hesitate to reverse the case in order that it may be decided only upon proper and legiti-

mate issues, and freed from facts and circumstances calculated to improperly prejudice and influence the jury. No higher duty rests upon appellate courts than to see that cases are fairly and properly tried. We are of the opinion that the foregoing argument and remarks of the court were probably injurious to the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur in opinion. McCLELLAN and GARDNER, JJ., concur in conclusion.