(81 South. 25)

LONG et al. v. NADAWAH LUMBER CO.
(1 Div. 993.)

(Supreme Court of Alabama. April 18, 1918. On Rehearing, Nov. 14, 1918.)

1. ACTION ⬤➝44 — JOINDER OF CAUSES — WRONGFUL TAKING—WAIVER OF TRESPASS.

A wrongful taking is a form of conversion, which, being charged after a conversion, waives the trespass and becomes a count in trover only, so that count charging conversion after wrongful taking was not demurrable as joining both trespass and conversion.

2. EVIDENCE ⬤➝353(9)—DOCUMENTARY EVIDENCE—DEED—DEFECT IN FORM.

In conversion action, deed to plaintiff from the First National Bank of P. was admissible in evidence, though signed "First National Bank, by B., President," where the name "First National Bank of P." was stated in premises, in the corporate seal, in the testimonial clause, and in the acknowledgment.

3. TRIAL ⬤➝89 — CROSS-EXAMINATION — MOTION TO EXCLUDE TESTIMONY.

Where defendant's witness on cross-examination testified that plaintiff's remote grantor "went into possession," and on rebuttal stated that he meant that grantor got a deed to the property, and not that he went upon the land, court properly refused defendant's motion to exclude the testimony as an opinion based on a fact which did not support it.

4. TRIAL ⬤➝96 — CROSS-EXAMINATION — MOTION TO EXCLUDE TESTIMONY.

Where defendant's witness testified that he rented land to a certain party and on cross-ex-

amination testified that he did not see the land and did not know whether such party was ever on the land or not, court properly refused motion to exclude all such testimony on the ground that he had no personal knowledge of the matters testified to, although some of such testimony might have been thus objectionable, his statement on direct examination being of a fact within his own knowledge.

5. TRESPASS ⬤➝67—OWNERSHIP—JURY QUESTION.

In action for trespass, whether plaintiff was the prima facie owner of the land in fee simple by virtue of the prior possession of any one of the grantors in his chain of title was a question of fact for the jury.

6. TROVER AND CONVERSION ⬤➝16—RIGHT TO MAINTAIN ACTION—POSSESSION.

The right to maintain an action of trover depends upon plaintiff's possession or right to the immediate possession of the chattel converted at the moment of conversion.

7. LOGS AND LOGGING ⬤➝35—CONVERSION—POSSESSION OF TIMBER.

Where one not in possession of timber by virtue of his possessory occupation of the land severs and removes timber previously a part of the freehold, he is guilty of conversion for which trover would lie in action by owner of timber who had not forfeited his right to take possession of it by entering upon the land and removing it within prescribed period therefor.

8. LOGS AND LOGGING ⬤➝35—FAILURE TO REMOVE WITHIN STIPULATED TIME.

Owner of standing timber, who fails to enter upon land and cut and remove timber within the time stipulated therefor by his contract, loses the right to enter upon land and remove the timber, though he theoretically remains the owner thereof.

9. TRESPASS ⬤➝10 — REMOVAL OF TIMBER—ENTRY UPON LAND AFTER EXPIRATION OF PRESCRIBED PERIOD.

Owner of standing timber, by entering upon land for the purpose of removing the timber after the expiration of the time prescribed for removal, is liable to an action of trespass quare clausum fregit.

10. TRESPASS ⬤➝52—REMOVAL OF TIMBER BY OWNER—EXPIRATION OF TIME IN WHICH TO REMOVE TIMBER—DAMAGES.

In action of trespass quare clausum fregit against owner of standing timber for entering upon land and removing timber after expiration of period given for such removal, no damages could be recovered for the value of the timber.

11. LOGS AND LOGGING ⬤➝35—CONVERSION—POSSESSION.

Owner of standing timber has no right to recover for conversion of timber by severing and removing it from land where severance was done after expiration of period within which owner could enter upon land and remove timber; owner having no constructive possession of timber at the time of conversion.

---

⬤➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Action by the Nadawah Lumber Company against V. W. Long and T. A. Moore, for conversion of timber. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The following are the counts of the complaint referred to in the opinion:

Second. The plaintiff claims of the defendants the sum of $10,000 damages for the wrongfully taking and converting to their own use during the past ten months and on divers and sundry days of said months the following personal property belonging to the plaintiff, to wit: 10,000 pine sawlogs, or timber logs, of the value of, to wit, $10,000.

Third. The plaintiff claims of the defendants the sum of $10,000 damages for wrongfully taking, to wit, 10,000 pine sawlogs or timber logs the property of the plaintiff, and for conversion of the same by the defendants during the past ten months and on divers and sundry days of said months.

The first count was in trespass. Demurrers to counts 2 and 3 are as follows: (1) Said counts do not allege the time of the conversion with the certainty required to put the defendant on notice of the alleged conversion they are called on to defend. (2) Said count joins therein several distinct causes of action. (3) Said counts claim damages for separate and distinct conversions. The controversy arose over the right to enter and cut timber from certain lands after the time limit of the deed had expired.

Gordon & Edington, of Mobile, and Hare & Jones, of Monroeville, for appellants.

Barnett, Bugg & Lee, of Monroeville, and H. H. McClelland and Stevens, McCorvey, & McLeod, all of Mobile, for appellee.

SOMERVILLE, J. [1] The fact that a count charging conversion of chattels after a wrongful taking does not make it any the less a count for conversion, and it is not subject to a demurrer as for joining trespass de bonis and trover in the same count.

A wrongful taking is of course a form of conversion, which, being charged as a conversion, waives the trespass, and becomes a count in trover only. The demurrers to counts 2 and 3 were properly overruled.

[2] The deed from the First National Bank of Pensacola to plaintiff was properly admitted in evidence. Although the premises describe the grantor as the First National Bank of Pensacola, a corporation, etc., and the signature is simply, "First National Bank, by F. C. Brent, President," the corporate seal attached reads, "First National Bank, Pensacola, Fla."; the testimonial clause declares that "the First National Bank of Pensacola has caused these presents to be executed"; and the acknowledgment shows that Brent executed the deed for, and as president of, the First National Bank of Pensacola. The variance in the signature, if it can be regarded as a variance, is fully cured, and the identity of the grantor made clear beyond any doubt, by the deed itself.

[3] On cross-examination, defendants' witness Betts testified, with respect to the tract claimed by plaintiff in fee simple, that plaintiff's remote grantor, one Farrar, "went into possession," and, after him, his grantee, one Rothschild, "went into possession." On rebuttal examination he stated that Farrar did not go on the land, or do anything on it, and that in saying that Farrar went into possession, he merely meant that he got a deed to it. Defendants thereupon moved for the exclusion of the witness' statement that "Farrar went into possession," on the ground that it was but an opinion based on a fact which did not support it. It may be that the witness' statement should have been disregarded as evidence of Farrar's prior possession, and perhaps an instruction to the jury to that effect would have been proper. But it would certainly have been improper to exclude the statement entirely, elicited as it was on the cross-examination of the movant's own witness, and affecting, it may be, both his credibility and his intelligence. We think the motion to exclude was properly overruled.

[4] The statement of defendants' witness Rothschild that he rented this tract to one Betts, after receiving a deed to it, was the statement of a fact within his own knowledge, and was not objected to when made. His statement on cross-examination that he never did see the land, and did not know whether Betts was ever on the land or not, did not render his first statement subject to the objection that the witness "had no personal knowledge of the matters testified about," and the motion to exclude all of his testimony on that ground was properly overruled, even though some of it may have been thus objectionable.

[5] Whether or not plaintiff was the prima facie owner of this tract in fee simple by virtue of the prior possession of any one of the grantors in his chain of title was a question of fact for the jury, and the general charge for defendants under the first count was properly refused.

The question of primary importance in the case is with respect to those portions of the timber in suit, as to which, by the express limitations of plaintiff's deeds, his right to enter and remove had been lost before the conversion complained of. In other words, did plaintiff, as to such standing timber, have such a right to its immediate possession when cut as will support an action in trover against a subsequent claimant who enters upon the land and cuts and removes the timber under color of title and claim of right

thereto, the seisin of the soil remaining meanwhile in the general owner and common grantor of the rival claimants of the timber?

[6, 7] It is elementary law that the right to maintain the action of trover depends upon the plaintiff's possession, or right to the immediate possession, of the chattel converted, at the moment of conversion. If the chattel was previously a part of the freehold, and was owned by the plaintiff as realty, being subject to his lawful removal by entering and severing from the soil, its severance and removal by the defendant would be a conversion for which trover would lie, provided the defendant was not in possession of the timber by virtue of his possessory occupation of the land; and, provided the plaintiff had not forfeited his right to take possession of it by entering upon the land and removing it. Creagh v. Bass, 190 Ala. 135, 67 South. 288; Christopher v. C.-A. Lumber Co., 175 Ala. 484, 57 South. 837.

In the Christopher Case we held that there could be no actual possession of standing timber apart from the possession of the land itself, and that, in the absence of possession of the land, the owner of standing timber can take actual possession of it only by entering and removing it. In the Creagh Case we held, in effect, that merely an entering on the land and cutting of the timber by a wrongful claimant—a transitory occupation without an actual seisin—though under a timber deed from the owner of the land, was not such an adverse possession of the timber at the time of its severance as would defeat an action in trover by a timber grantee under a former deed, for the conversion of the timber. See, also, Aldrich Mining Co. v. Pearce, 169 Ala. 161, 168, 52 South. 911, Ann. Cas. 1912B, 288.

[8] In the instant case as to all but 160 acres out of 640, plaintiff had lost the right to enter and cut and remove the timber, by reason of the lapse of the stipulated time within which his right could be exercised, though theoretically it remained the owner of the timber. Ward v. Moore, 180 Ala. 403, 61 South. 303; Magnetic Ore Co. v. Marbury Lumber Co., 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73.

[9, 10] If its agent should have entered for the purpose of removing the timber, it would have been liable to an action of trespass quare clausum fregit, though the value of the trees would be no part of the recoverable damages. Heflin v. Bingham, 56 Ala. 566, 28 Am. Rep. 776; Goodson v. Stewart, 154 Ala. 660, 46 South. 239.

[11] It is clear, therefore, that plaintiff, being without any right to enter and possess himself of his property, the standing timber, and therefore without any possessory remedy of any sort against the owner of the land, or his grantee, was not in any legal sense entitled to the possession of the timber at the time it was by defendants' wrongful conduct converted into personal property. And certainly the severance of the timber by cutting did not revive plaintiff's lost right to enter and take possession of the timber, nor substitute for the lost right to sue in ejectment for the timber a new right to sue in detinue for the logs. In short, plaintiff's constructive possession of the standing timber ceased upon the termination of his right to enter and take it.

The situation is, it must be confessed, rather anomalous, but we are clear that the rules of law and judicial logic must deny to plaintiff the right to maintain an action in the form of trover under the circumstances here shown.

The instructions given to the jury were not in accord with this conclusion, and the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. Application for rehearing overruled.

MAYFIELD, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., McCLELLAN and SAYRE, JJ., dissent.