(122 So. 841)
**ENGLISH v. HUCKABA et al.   (8 Div. 43.)**

Supreme Court of Alabama.   June 6, 1929.

Jas. C. Roberts and W. L. Almon, both of Florence, for appellees.

BOULDIN, J.  Taking the averments of the bill as true, the case is this:

Complainants owned a lot or parcel of land, approximately one-half acre, described in its muniments of title as its remaining acreage bordering on a half section line. Complainants built a house supposedly on that parcel.  By mistake in the location of the half section line, the house was built on the adjoining property owned by a third person.

Complainants then sold the house and lot to respondent, made a deed describing the property as per its muniments of title.  Respondent went into possession and still holds the house and the land on which it stands.

He executed a purchase-money mortgage, describing the property as in the deed received by him.  Complainants now seek a foreclosure of this mortgage.

Meantime, respondent, learning his house was on the land of a third person, purchased a lot, somewhat more than half an acre, from such third person, thus perfecting his title.

What are the equities of the respective parties growing out of this situation?

The first and basic fact is that complainants sold and respondent purchased the house and the land on which it stands.  Neither had in mind a house at one place and land at another.  The house, the visible valuable portion of the property bought, fixed the location of the land intended to be conveyed.

The meeting of the minds was on that house and lot.  The mistake was in thinking that house and lot were covered by the description in the deed and mortgage.

Clearly, complainants cannot compel the removal of this house, and then foreclose. This would be to reform the property to conform to the description, instead of reforming the description to fit the property actually sold.

Neither is it equitable to sell the house off the lot on which it stands.  This would greatly reduce its value.  Respondent having purchased the property, the house and lot on which it stands as a unit, is entitled to.

Bradshaw & Barnett and Mitchell & Hughston, all of Florence, for appellant.

have it sold as a unit to pay the mortgage debt, if sold at all. To sell a vacant lot which he never intended to buy, and sell his house from a lot he has acquired to perfect his title, is manifestly inequitable. Besides, it appears he has given a mortgage, now outstanding, for part of the purchase money due the third party from whom it was purchased. This mortgagee has rights in the house as well as the lot. Such mortgagee would be a necessary party to a suit to remove this house or to sell it with right of removal. Equity takes note of a want of necessary parties apparent on the face of a bill, and refuses to proceed until such party is brought in.

■ But while the respondent has these equities as against the complainants, respondent is subject to certain equities in favor of complainants.

■ Having received possession of the house and the land on which it stands under his purchase, and still having the possession, use, and enjoyment thereof, respondent cannot set up an outstanding title, now acquired by him, to defeat the claims of his vendor. The measure of his right is to be made whole on his reasonable outlays in perfecting his title.

It was the duty and the right of the vendors, these complainants, to perfect the title to the house and lot actually sold. Respondent having elected to do so himself cannot thereby cut off complainants from so doing. This, complainants can now do by crediting the mortgage with such outlay.

It follows the bill is subject to demurrer in seeking a foreclosure on property not covered by its terms.

The entire matter can readily be worked out on a bill for reformation and foreclosure with offer to do equity.

The mortgage should be first reformed to cover the land on which the house stands, the land actually sold. The description in the reformed documents should conform to the lines pointed out to respondent at the time of his purchase, if they were pointed out. If not, then a lot of like area and dimensions with that described in the conveyance but so laid out on the ground as to include the dwelling. If the parties do not agree, then the court should cause it to be laid off, having regard also to the lot purchased by respondent in perfecting his title.

If it be said a court of equity will not reform a conveyance so as to cover property owned by a third person, the answer is such rule does not apply if complainant is in position to acquire or make good the title.

■ If it be said a court of equity will not make a contract for the parties by laying off a new lot whose boundaries were not in the mind of the parties, the answer is a court of equity has full power to condition any relief upon the willingness to do equity. Where both parties are subject to equities, as in this case, the court has full power to pre- scribe the conditions to be complied with by either or both.

A foreclosure after reformation should have regard to the entire situation.

If respondent pays up the installments in default after equities are adjusted, the meeting of later maturing installments according to contract should be so decreed as to do equity in view of the entire case.

In short, equity should do for these parties just what they should have done on discovery of their mistake. In so doing, a court of equity has full authority. It is not bound by hard and fast forms; it recognizes no leading strings save justice and equity.

Reversed and remanded.

GARDNER, THOMAS, and FOSTER, JJ., concur.

ANDERSON, C. J., and SAYRE, J., hold that the demurrers to the bill should have been sustained, but do not concur in either opinion.

BROWN, J. (dissenting): The foreclosure of mortgages is within the original jurisdiction of courts of equity. Burch et ux. v. Driver, 205 Ala. 659, 88 So. 902; Vaughan v. Marable, 64 Ala. 60; Jackson et al. v. Prestwood et al., 211 Ala. 585, 101 So. 185; 42 C. J. 19, § 1508; note 68 Am. St. Rep. 354. And as a general rule, the estate or interest in the land which is drawn within the scope of the proceedings is only such as is created and passes by the mortgage, or interest subsequently acquired by the mortgagor, inuring by way of estoppel to the benefit of the mortgagee. Wells, Adm'r, v. American Mortgage Co. of Scotland, Ltd., 109 Ala. 430, 20 So. 136; 19 R. C. L. 529, § 331.

The bill avers that on July 28, 1923, complainants sold to the defendant the lot described in the bill, consisting of ½ acre, a part of a tract of 2½ acres, which the complainants had purchased from the W. C. Hyde estate; that when said property was purchased it was vacant, but had been in the actual possession of complainants and their predecessors in title for more than ten years, and complainants erected a dwelling house on the part of the tract conveyed to the respondent before the same was conveyed to him; that defendant executed to complainants the mortgage which they are seeking to foreclose to secure the payment of the purchase money; that the defendant has made default in the payment of the purchase money, and subsequent to such default defendant discovered that through mistake the house was erected by the complainants on land belonging to the Florence Land Company, and thereupon defendant purchased from the Florence Land Company the lot upon which said house was erected, adjoining the lot sold to defendant, paying therefor $1,200.

The bill further avers: That at the time the complainants built the house, they were

in the actual, peaceable, open, and adverse possession of the land on which said house was erected under claim of ownership, "the same being pointed out to them as the lands they had purchased; that they did not have the same surveyed, and did not know at the time the house was built and at the time they conveyed to English that there was a mistake in the lines." That after the said English had purchased said strip of land from the Florence Land Company, complainants caused the property to be surveyed and ascertained that the line that had been known as the half-mile line was not the correct line, and because of a mistake in the location of the boundary line the house which complainants had erected and sold to English was erected on the lands of the Florence Land Company. That English was placed in possession of the property by the complainants, including the house, and he still retains such possession, and has refused to pay the purchase money therefor.

Complainants offered to do equity.

Under these circumstances, the purchase of the land upon which the house was erected, lying between what was thought to be the true line and the line subsequently ascertained to be the true line, under the doctrine of estoppel, inures to the benefit of the mortgagee, and the mortgagor should not be permitted to assert this after-acquired title as a defense to the foreclosure of the mortgage, which was supposed to cover this strip on which the house was erected when the mortgage was executed. 10 R. C. L. 5757, § 76; Townsend v. Boyd, 217 Pa. 386, 66 A. 1099, 12 L. R. A. (N. S.) 1148.

It is well settled that a purchaser of land who has gone into possession and accepted a deed and executed a mortgage to secure the purchase money, in the absence of fraud or eviction, is estopped from setting up a failure or defect of title as a defense to the foreclosure of the mortgage. McLemore v. Mabson et al., 20 Ala. 137; Yarbrough v. Thornton, 147 Ala. 221, 42 So. 402; Walton v. Bonham, 24 Ala. 513; Gillham v. Walker, 135 Ala. 459, 33 So. 537; Kelly's Heirs v. Allen, 34 Ala. 663; Wilkinson v. Searcy, 74 Ala. 243; 39 Cyc. 1927 (bb); 19 R. C. L. 543, § 348.

The bill avers that at the time the house was erected and the property was sold to the defendant, the complainants were in the peaceable possession of the property claiming up to what was pointed out to them as the half-mile line, and as between the parties the deed conveyed to the defendant such estate or interest as they held in the property, and the defendant accepted the deed and executed the mortgage and went into possession of the property under the deed; and the fact that the deed did not vest in the purchaser the

fee-simple title to the strip lying between the supposed boundary and what was afterwards ascertained as the true line does not prevent application of the doctrine of equitable estoppel. In Wells, Adm'r, v. American Mortgage Co. of Scotland, Ltd., supra, the court speaking through Brickell, C. J., observed: "It results from the nature, scope and purpose of a foreclosure suit, as we have defined it, that parties claiming title paramount, adversely to the mortgagor and mortgagee, are not proper parties, and may not be drawn into the suit to litigate and settle their rights. The estate or interest in the lands which is drawn within the operation of the suit, which will be affected and bound by the decree, is the estate created and passing by the mortgage, *or estates or interest subsequently acquired by the mortgagor, inuring by way of estoppel to the benefit of the mortgagee.*" (Italics supplied.)

Under this authority, clearly, the Florence Land Company is not a proper party and cannot be drawn into this litigation, and it is equally as clear that the mortgagor is estopped to set up the after-acquired title as a defense to the foreclosure.

Without applying the doctrine of equitable estoppel, which assumes title in the mortgagor passing under the mortgage, a reformation of the mortgage and deed to cover lands which neither the mortgagor nor mortgagee owned at the time of their execution would be making for them contracts which they did not intend to make, and this is clearly not permissible. Gallilee Baptist Church v. Pallilla (Ala. Sup.) 123 So. 210;[1] 23 R. C. L. 309, § 2. If the doctrine of equitable estoppel is applied, a reformation is wholly unnecessary.

Moreover, the doctrine of the prevailing opinion requires the complainants to surrender more than one-third of the debt secured by the mortgage, because the defendant saw fit to purchase the entire tract of land from the Florence Land Company, when it was only necessary to purchase the strip of land lying between the supposed half-mile line and the true line, a result that is clearly inequitable.

As between the vendor and a purchaser who goes into possession under such purchase, it is clear that section 10355 of the Code has no application.

The complainants, on the principles above stated, were entitled to a foreclosure of their mortgage, and the general prayer was sufficient to authorize this relief. I am therefore of opinion that the bill was not subject to any of the stated grounds of demurrer, and that the decree should be affirmed.

---

[1] Post, p. 683.