152 So. 226

## FEDERAL LAND BANK OF NEW ORLEANS v. DAVIS.

### 4 Div. 711.

Supreme Court of Alabama.

Jan. 18, 1934.

B. W. Smith, of Samson, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

**THOMAS, Justice.**

The appellant, complainant in the court below, filed its bill averring that it is a corporation, organized under an act of Congress with the right to do business in the state of Alabama; was the holder of a first mortgage on the lands as described, which mortgage was executed by J. M. Moore and his wife; that said mortgage was duly foreclosed and the appellant became the purchaser at a less amount than the mortgage indebtedness; that the appellee, respondent in the court below, entered upon said premises and removed therefrom certain houses, barns, and cribs situated on said lands and averred to be covered by the mortgage of appellant; that the value of the premises was alleged to be greatly less than the amount due under the first mortgage thereon.

The appellant in its prayer for relief, sought to have a lien declared on said property unlawfully removed from the premises, and which property is now situated on lands under the possession or control of the appellee, but does not seek a lien on the lands upon which the said property is situated; and further prays for such other relief as it may seem meet and proper.

The appellee filed his demurrer to the bill setting forth several grounds of demurrer; the cause was submitted to the court for decree on demurrer, and thereupon on the 27th day of April, 1932, the court rendered its decree, sustaining the demurrers to the complaint. This ruling of the court is made the basis of assignments of error.

To meet the grounds of demurrer, the appellant amended its bill of complaint, setting forth that the appellee was in possession of the property at the time of the removal of said houses, barns, and cribs therefrom (claiming it as owner subject only to the first mortgage held by the complainant), and that T. C. Davis is insolvent and the appellant has no adequate remedy at law; that a judgment recovered at law would be wholly uncollectable; "that the property now situated on lands of T. C. Davis, and claimed by this complainant, is the property of this complainant; that it consists of real estate and not subject to attachment or action of detinue or any other remedy known to the law side of this court; that failure to

give relief in a court of equity will deny to the complainant the real estate herein named;" and appellant prayed for additional relief, that the property as described be sold to satisfy the lien held by the appellant; that "division of the proceeds thereof be divided in proportion to the amount of interests found to be in each of said parties, and such other relief as may to your Honor seem meet and proper in the premises."

The demurrers to the original bill being refiled to the bill as amended, the court rendered its decree sustaining the demurrers to the bill as amended; thereupon, the appellant refusing to plead further, the court entered a decree dismissing the cause out of court. These several rulings are made the basis of assignments of error.

The demurrer takes the position that complainant has an adequate remedy at law for the enforcement of the rights arising out of a trespass alleged to have been committed on the premises in question.

We have indicated that the amended complaint avers that the appellee was in possession of the premises at the time the property was removed therefrom, claiming it as owner, subject only to the first mortgage held by complainant, and that respondent is insolvent and a judgment at law would be unavailing for the enforcement of a right as against the appellee for the alleged trespass made upon the premises.

The appellee, being in possession of the property, and the appellant, at the time of removal of said buildings, not having any right to the possession, it follows that the action of trespass at law could not be maintained by the appellant against the appellee in this case. Walker v. Tillis, 188 Ala. 313, 321, 66 So. 54, L. R. A. 1915A, 654; 38 Cyc. 1004.

The right of action in detinue in Gray v. Crowell et ux., 214 Ala. 425, 108 So. 239, was for a lunch wagon on wheels which stood upon the land and not affixed thereto, declared to be personal property.

In Alabama Machinery & Supply Co. v. Roquemore, 205 Ala. 244, 87 So. 435, the suit was for a trade fixture, and held a part of the freehold and not separate and distinct from the building. MacArthur Bros. Co. et al. v. Middleton, 200 Ala. 147, 75 So. 895.

And in Walker v. Tillis, 188 Ala. 313, 66 So. 54, L. R. A. 1915A, 654, the action was for trespass and trover; held one not in possession nor entitled to possession cannot maintain trespass quare clausum fregit for the wrongful removal of fixtures placed on real estate by a lessee or his sublessee; and an action in the nature of waste lies for the wrongful removal of fixtures by a tenant which results in injury to the reversion, and.

the landlord may apply for an injunction before the removal.

The decision in Bynum v. Gay, 161 Ala. 140, 49 So. 757, 135 Am. St. Rep. 121, was trespass to realty, to the effect that trees cut from plaintiff's land, and without the knowledge or procurement of defendant were converted into timber and incorporated into the latter's fences and buildings, it lost its character as personal property and became realty and not subject to an action of trover. Thweat, Adm'r v. Stamps, 67 Ala. 96.

And in Granade v. United States Lumber & Cotton Co. et al., 224 Ala. 185, 192, 139 So. 409, 415, the cases are collected to the effect that for trover and conversion plaintiff must have the right of property and possession, or the immediate right of possession at the time of conversion, to maintain an action therefor; that timber cut from the land, or such other part of the freehold, such as coal, minerals, sand, gravel, crops, etc., or fixtures, "is severed from the freehold, they become personalty, and trover will lie for the conversion"; that—

"It is * * * established that trover— a transitory or personal action—is not a proper form of action to try title to land. Aldrich Mining Co. v. Pearce, 169 Ala. 161, 166, 52 So. 911, Ann. Cas. 1912B, 288, and authorities.

"In Green v. Marlin, 219 Ala. 27, 29, 121 So. 19, it was recently declared that the owner of freehold cannot maintain trover for timber severed from it, if at the time of severance he had not actual or constructive possession thereof; that constructive possession by plaintiff following title to freehold is sufficient to maintain trover for cutting timber, unless defendant has actual adverse possession. White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159.

"After all that may be said of the rule of these cases, to maintain trover a plaintiff must have at the time of the conversion a concurrence of the right of property, general or special, with an immediate right of possession in plaintiff. Pinckard v. Cassels, 195 Ala. 353, 357, 70 So. 153, cited in L. R. A. 1917C, 16, and authorities; Long v. Nadawah Lumber Co., 202 Ala. 523, 81 So. 25; Holman v. Ketchum, 153 Ala. 360, 45 So. 206; First Nat. Bank of Gadsden v. Burnett, 213 Ala. 89, 90, 104 So. 17; Southern Ry. Co. v. City of Attalla, 147 Ala. 653, 41 So. 664; Citizens' Bank v. Pearson, 217 Ala. 391, 397, 116 So. 350; Vol. 27, Alabama & Southern Digest, p. 344 [Trover and Conversion, ☞ 16].

"In Tallassee Falls Mfg. Co. v. First Nat. Bank, 159 Ala. 315, 49 So. 246, the rule stated as above applied to growing crops required to remain with the mortgagor until a specified date, and the mortgagee could not bring trover where a conversion occurred before that time. And Long v. Nadawah Lumber Co., 202 Ala. 523, 81 So. 25, held the removal of standing timber by the owner after expiration of the time for removal would render him liable for trespass, though the value of the trees would be no part of the recoverable damages; that the owner of standing timber has no right to recover for conversion of timber by severing and removing it from the land, where severance was done after expiration of the period for removal, since the owner had no constructive possession of the timber at the time of conversion."

■ It is further established that an action for trespass will lie for an injury to the property itself, rather than for an injury to a personal right therein. It follows that the person to maintain the action must have had possession of the property at the time of the injury; and that against a stranger or wrongdoer, recovery on possession may be had without proving title. 38 Cyc. 1004; Louisville & Nashville Railroad Co. v. Higginbotham et al., 153 Ala. 334, 341, 44 So. 872; Morris v. Robinson, 80 Ala. 291; Lankford v. Green, 62 Ala. 315; Sudduth v. Central of Georgia R. Co., 201 Ala. 56, 77 So. 350.

And Aldrich Mining Company v. Pearce, 169 Ala. 161, 168, 52 So. 911, Ann. Cas. 1912B, 288, a suit in trover, held that the owner of the freehold has either actual or constructive possession of the land, and that a possession which is merely transitory for the purpose of making the trespass or severing a part of the freehold, is not sufficient to defeat a recovery by the owner of the freehold in an action of trover of a chattel rendered such by severance, pending such transitory possession. Aldrich Mining Co. v. Pearce, 192 Ala. 195, 68 So. 900.

To like effect is Green v. Marlin, 219 Ala. 27, 121 So. 19, where it is further declared that adverse possession in defendant's grantor continuing to the time of cutting is defense to trover for the cutting of timber.

■ When the mortgage on the land with said buildings thereupon was executed by Moore and wife to appellant, Federal Land Bank of New Orleans, a corporation, these buildings were a part of the freehold, a material part of the security or mortgage lien; and when the buildings were removed, without due consent, from the land by the mortgagor or his assigns, or by an intermeddling stranger or wrongdoer, the mortgagee did not thereby lose the lien of the mortgage as against him who had knowledge of that lien. The rule in such case is thus stated by the text-writers. 27 Cyc. 1166. This subject is treated in 41 Corpus Juris, page 626,

§ 603, condensing the many general authorities, as follows:

"A mortgagor has no right to remove buildings from the mortgaged premises, as they are a part of the security of the mortgagee; neither has he a right to remove other improvements which have become part of the realty. A disposal of fixtures by a mortgagor is valid when made in accordance with the terms of the mortgage. In case of unauthorized removal the mortgagee may maintain an appropriate action for the recovery of possession of the building or other fixture, if it has not been permanently affixed to the soil of another freehold, and it has been held that a purchaser of the property removed may be liable in an action for damages or trespass; but a purchaser in good faith after the fixtures have been removed from the premises is not liable. However, other cases hold that after their removal a mortgagee cannot maintain replevin or trover.

"A mortgagee who has the right of possession and is in possession of the mortgaged premises can maintain an action for the possession of fixtures removed from the mortgaged premises, or can sue in trover," etc.

To this text no authorities are cited from this jurisdiction.

We have examined this pleading as last amended in the light of the demurrers directed thereto, and are of opinion that a court of equity will intercede to protect the superior rights of the mortgagee to the buildings or material removed from the mortgaged land to prevent an irreparable loss, when the wrongdoer is averred to be insolvent, and the property on which the same are situated are lands of defendant that are not subject "to any other remedy known to the law side" of the court. It was specifically averred that "the defendant at the time of removal of the property complained of was in possession of said property, claiming it as owner subject only to the first mortgage held by your complainant," etc.

"A court of equity has full power to condition any relief upon the willingness to do equity, where both parties are subject to equities." English v. Huckaba et al., 219 Ala. 526, 122 So. 841, 842.

The complainant submits its claim and title to a court of equity under the facts, and prays that the buildings be sold from the respondent's land and there be a just and equitable "division of the proceeds" in proportion to the amount of interest found by the court to be in each of said parties.

In reaching this conclusion we do not wish it to be understood as holding that an averment of insolvency is essential to the enforcement of the mortgagee's lien.

We hold that the demurrer was improperly sustained to the bill as last amended, and that the decree of the circuit court in last sustaining the demurrer and in dismissing the bill was error.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.