229 So.2d 511

**Annie Bell ROBBINS**

v.

**Chester BELL et al.**

**I Div. 567.**

Supreme Court of Alabama.

Dec. 11, 1969.

Wilson Hayes, Bay Minette, for appellant.

Ernest M. Bailey, Fairhope, for appellees

MERRILL, Justice.

Complainant-appellant filed a bill of complaint seeking to set aside deeds she had executed, one to appellee Griffin, another to appellee Bell, and a mortgage from Bell to Wilson which had been assigned to appellee First National Bank of Mobile (hereinafter referred to as "the Bank"). The trial court set aside the conveyances, but established an equitable mortgage in favor of the Bank for $4,820.00. This appeal is by complainant.

The grounds on which the conveyances were sought to be set aside were that the complainant was a married woman and her husband did not join in the conveyances as required by Tit. 34, § 73, Code 1940, and for fraud. Complainant offered to do equity. Answers were filed by the respondents, and the Bank filed a cross-bill against respondent Bell.

The facts showed that appellant Annie Bell Robbins had inherited 80 acres of land and she wanted to build a house on one acre for her son. In order for the house to be built it was necessary to arrange for its financing. Appellee Griffin handled the arrangements and they consisted of taking a deed from appellant to Griffin for 79 acres, a deed from Griffin to Bell to the same 79 acres, a deed from appellant to Bell for one acre, a mortgage from Bell to George T. Wilson covering the 80 acres, assignment of the mortgage by Wilson to the Bank and a mortgage from appellant to Bell on the one acre.

George T. Wilson was not a party to this action, and he had never seen appellant prior to her appearance in court at the trial.

The house was in fact constructed on the one acre of land and appellant made four payments of approximately $45.82 each, and then stopped paying on the mortgage of $5,000.00. The deeds and the mortgage were executed by appellant as Anna Bell Robbins, a single woman, and the uncontradicted evidence of Griffin was that she told him that "she was a widow woman."

The trial court found that appellant was in fact a married woman under the statute, and that the deeds were void, that First National Bank of Mobile was a holder in due course, that appellant did want to construct the house for her son, and did agree to 204 payments of $45.82 per month, of which there was a balance due of $4,820.00, that the Bank was entitled to an equitable mortgage on the one acre of land on which the house had been built, and provided for various attorneys fees.

The entire thrust of appellant's argument in brief is that the trial court was correct in its holding the deeds void under Tit. 34, § 74, and therefore erred in holding that the Bank had an equitable mortgage on the house and lot for the unpaid balance. We cannot agree.

A married woman may come into equity to vacate a deed or a mortgage on her land, when it contravenes Tit. 34, § 74, and is not deprived of that right on the usual principles of waiver or estoppel. Webb v. Bank of Brewton, 265 Ala. 568, 93 So.2d 154.

In Douglass v. Standard Real Estate Loan Co., 189 Ala. 223, 66 So. 614, a bill was filed to cancel a mortgage on the ground that the mortgagee was a foreign corporation, had not qualified to do business in Alabama, that the statute made its transactions void and, therefore, the mortgage was void. In treating this contention, and affirming a decree sustaining demurrer to the bill, this court said:

"We are willing to agree with appellant in the general statement which we find in his brief that a *void* thing is *no* thing, and that, generally, no rights of any sort can be predicated upon that which is no thing. This court has, however, often pointed out the

fact that contracts which are void, not because they are *immoral* or *evil* in themselves, but because they are *offensive* to the *policy* of the state which a *statute* establishes, may, in many instances, be enforced *even in courts of law*, because of the inability of the party affected to plead their invalidity. Ex parte Banks, [185 Ala. 275] 64 South. 74.

"In so far as the equities of the present bill are concerned, we make the broad statement that when a party to a contract *void* merely because violative of some statute of a state files a bill in equity to cancel such contract, he must come into that court with clean hands, and to obtain equitable relief must offer, and be ready and willing, to do equity. George et al. v. New England Mortgage Sec. Co., 109 Ala. 548, 20 South. 331; Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715."

In a similar case, Coburn v. Coke, 193 Ala. 364, 69 So. 574, the court said:

"The equitable doctrine having application in this case is expressed in the maxim, 'He who seeks equity must do equity.' The meaning of this expression is that whatever be the nature of the controversy between the parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he acknowledges or concedes, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, growing out of, or necessarily involved in, the subject-matter of the controversy. The court will give the plaintiff the relief to which he is entitled only on condition that he has given or consents to give the defendant such corresponding rights as he may be entitled to in respect of the subject-matter of the suit. [Citing authorities.] This principle has been adhered to by this court,

and given application in cases where complainants sought equitable relief from mortgages alleged to be void under facts as alleged and shown in this case. [Citing cases.]"

■ An offer in a bill to do equity confers jurisdiction on the court to attach such conditions to the decree as are necessary to make it equitable, and to grant affirmative relief to the defendants where otherwise the result to be worked out would be against equity and good conscience. Cobbs v. Norville, 227 Ala. 621, 151 So. 576, and cases there cited.

■ A court of equity has full power to condition any relief upon the willingness to do equity, where both parties are subject to equities and the court has full power to prescribe the conditions to be complied with by either or both. English v. Huckaba, 219 Ala. 526, 122 So. 841; Federal Land Bank of New Orleans v. Davis, 228 Ala. 85, 152 So. 226.

A good statement of the principle appears in Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147, where we said:

"A party who comes into chancery asking equity must do equity to the party against whom he complains. Where he owes a debt involved in the proceedings, he must pay, or offer to pay, or show some sufficient excuse for his failure to pay, otherwise his contentions cannot be sustained. Yonge v. Shepperd, 44 Ala. 315."

Here, appellant asked that the court of equity cancel the deeds and mortgage because her husband did not sign. It is obvious that she knew she had a husband but the parties dealing with her did not know of him. She was probably required to give excessive security because Wilson would not take a mortgage from appellant, but would only finance the paper if title came through Bell.

■ She intended to give a mortgage on the house and lot to get the house built

on the one acre, and since, only for a statutory reason, her deeds and mortgage were entitled to be set aside in equity, the acre of land and the house on it were properly subjected to the equitable mortgage for the unpaid balance of the debt which she contracted for and received the construction in consideration for her promise to pay. The undisputed evidence was that she "was very happy" about the financial arrangements.

Appellant shows no reversible error in the decree of the trial court

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.